# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| IRENE KELLER,<br><br>*Plaintiff*,<br><br>-v-<br><br>HOWARD ANTHONY JAMES and PENSKE TRUCK LEASING CO.,<br><br>*Defendants*. | Civil Case No.: 2:24-cv-05884-DCN |

Plaintiff Irene Keller, by and through his undersigned attorneys, complains of Defendants and alleges as follows:

**Parties, Venue, and Jurisdiction**

1. Plaintiff Irene Keller ("Plaintiff") was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff is a resident and citizen of Orangeburg County, South Carolina.

2. Defendant Howard Anthony James ("Defendant James") was driving the vehicle that crashed into Plaintiff and caused Plaintiff's injuries. Upon information and belief, Defendant James is a citizen and resident of North Carolina.

3. Upon information and belief, Defendant Penske Truck Leasing Co., ("Defendant Penske") is a Delaware corporation with its principal place of business in Pennsylvania.

4. At all times relevant to this action, Defendant James was an agent, servant, and/or employee of Defendant Penske, individually or jointly.

5. At all times relevant to this Complaint, Defendant Penske's agents, servants, and/or employees were acting in the course and scope of their employment with Defendants.

6. The Charleston Division is proper because at the time this cause of action arose, the acts and omissions giving rise to this cause of action took place in Dorchester County, as further shown below.

7. This Court has personal jurisdiction over the Defendants because Defendant Penske was, at the time this cause of action arose, doing business in South Carolina through its agent Defendant James, and this cause of action relates to and arises out of Defendant Penske's contacts with South Carolina, as further shown below.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of South Carolina while Defendant James is a citizen and resident of North Carolina and Defendant Penske is incorporated in Delaware and its primary place of business is in Pennsylvania, and as such there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

## BACKGROUND

9. On or about April 14, 2024, Defendant James was driving a 2024 Freightliner Cascadia owned by Defendant Penske eastbound in the rightmost lane on Interstate 26 near Harleyville in Dorchester County, South Carolina.

10. At the same time, Plaintiff was driving on Interstate 26 in the left lane alongside Defendant James.

11. While attempting to change lanes, Defendant James crashed the truck he was driving into the passenger side of Plaintiff's vehicle.

12. The Crash caused by Defendant James is the proximate cause of Plaintiff's serious personal injuries and damages. Therefore, Plaintiff sues on the following grounds:

## COUNT I
(Negligence *per se* as to Defendant James)

13. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

14. Defendant James owed Plaintiff statutory duties to operate his vehicle in a reasonable and safe manner so as to not cause injury to Plaintiff.

15. Defendant James failed to exercise due care to avoid crashing into Plaintiff.

16. Defendant James breached his duty to Plaintiff by failing to exercise due care to avoid crashing into the rear of the vehicle in which Plaintiff was an occupant.

17. Defendant James' violation of his statutory duties constitutes negligence *per se*.

18. Defendant James' breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

19. Defendant James' violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

   a. Significant past and future medical expenses;
   b. Lost income and reduced earning capacity;
   c. Emotional distress and anxiety;
   d. Mental anguish;
   e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
   f. Other damages as will be shown in the discovery and trial of this case.

20. Because Plaintiff was injured as a direct result of Defendant James's violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for her personal injuries and property damage in the amount the jury determines at the trial of this case.

21. Defendant James' statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury

determines appropriate to punish Defendant James for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant James violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## **COUNT II**
(Negligence as to Defendant James)

22. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

23. Defendant James owed Plaintiff a common-law duty to do the following:

    a. Keep a proper lookout;
    b. Maintain appropriate attention on the road while driving;
    c. Maintain his vehicle in a roadworthy manner;
    d. Yield the right of way to Plaintiff;
    e. Apply his brakes so as to timely stop his vehicle;
    f. Operate his vehicle in a safe manner and at a safe speed; and
    g. Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff.

24. Defendant James breached his duty to Plaintiff in the following ways:

    a. Failing to keep a proper lookout;
    b. Driving while distracted;
    c. Failing to slow when traffic ahead of him was slowing and stopping;
    d. Failing to apply his brakes and stop in a timely manner;
    e. Crashing into Plaintiff instead of steering around or away from her;
    f. Failing to yield the right of way to Plaintiff;
    g. Operating his vehicle in an unsafe manner or at an unsafe speed, or
    h. Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

25. Defendant James' breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

26. Defendant James' negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff serious injuries, and Plaintiff's

outstanding medical bills. As a direct result of Defendant James' negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

    a. Significant past and future medical expenses,
    b. Lost income and reduced earning capacity,
    c. Personal property damage,
    d. Emotional distress and anxiety,
    e. Mental anguish,
    f. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
    g. Other damages as will be shown in the discovery and trial of this case.

27. Because Plaintiff was injured as a direct result of Defendant James' acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for her personal injuries and property damage in the amount the jury determines at the trial of this case.

28. Defendant James' acts and omissions demonstrate such want of care as to show Defendant James was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Penske and Defendant James should also pay punitive damages in the amount the jury determines appropriate to punish Defendant James for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant James violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## COUNT III
(Vicarious Liability as to Defendant Penske)

31. Plaintiff adopts, incorporates and realleges the allegations of the preceding paragraphs.

32. At the time of the crash that is the subject of this lawsuit, Defendant James was acting in the scope of his employment on behalf of Defendant Penske.

33. Defendant Penske, thus acting through its agent, servant, and employee Defendant James, is vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant James as set forth in the first and second causes of action.

34. Plaintiff asks this Court to enter judgment ordering Defendant Penske to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## COUNT IV
(Negligent Hiring, Training, Supervision, and Retention as to Defendant Penske)

35. Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

36. Defendant Penske was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant James to operate a vehicle on Defendant Penske' behalf in one or more of the following ways:

   a. Failing to review Defendant James' driving history;
   b. Failing to assess Defendant James' driving skill;
   c. Hiring Defendant James to drive on Defendant Penske' behalf despite Defendant James' history of unsafe driving;
   d. Failing to have policies and procedures to train or monitor Defendant James, or if such policies and procedures were in place, failing to enforce them;
   e. Failing to ensure Defendant James had proper training and experience to operate a vehicle for Defendant Penske in a safe and effective manner; and
   f. Otherwise failing to investigate Defendant James' skill and history with a vehicle, train Defendant James in proper driving procedures, supervise Defendant James' driving, to release Defendant James from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

37.     Based on Defendant James' unsafe driving history, Defendant Penske knew or should have known that hiring, training, supervising, or retaining Defendant James posed a risk of foreseeable harm to third parties.

38.     Plaintiff asks this Court to enter judgment ordering Defendant Penske to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award her actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney's fees, and pre- and post-judgment interest as this Court determines she is entitled to, and such other relief as this Court determines is just.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

MORGAN & MORGAN, P.A.

*/s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 973-5186
Fax: (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

October 10, 2024
Charleston, South Carolina