UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **Irene Keller**<br><br>**Plaintiff,**<br><br>v.<br><br>**Howard Anthony James and Penske Truck Leasing Co.**<br><br>**Defendant.** | Civil Action No.: 2:24-CV-05884-DCN<br><br>**ANSWER**<br>of<br>Howard Anthony James and Penske Truck Leasing Co. |

**COMES NOW,** the Defendants, Howard Anthony James, and Penske Truck Leasing Co. ("Defendants"), by and through their undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto the Court:

### FOR A FIRST DEFENSE

1. Every allegation of the Plaintiff's Complaint not specifically admitted herein is denied.

2. Answering paragraph 1 of the plaintiff's complaint, Defendants lack sufficient knowledge and information to form an opinion as to the allegations and, therefore, denies the same.

3. Answering paragraph 2 of the plaintiff's complaint, Defendants lack sufficient knowledge and information to form an opinion as to the allegations and, therefore, denies the same.

4. Paragraph 3 is denied.

5. Paragraph 4 calls for legal conclusions which these Defendants not required to make and, therefore, Defendants deny paragraph 4.

6. Paragraph 5 calls for legal conclusions which these Defendants not required to make and, therefore, Defendants deny paragraph 5.

7. Paragraph 6 calls for legal conclusions which these Defendants not required to make and, therefore, Defendants deny paragraph 6.

8. Paragraph 7 calls for legal conclusions which these Defendants not required to make and, therefore, Defendants deny paragraph 7.

9. Paragraph 8 calls for legal conclusions which these Defendants not required to make and, therefore, Defendants deny paragraph 8.

10. Answering paragraph 9, Defendants lack sufficient knowledge and information to form an opinion as to the allegations and, therefore, deny the same.

11. Answering paragraph 10, Defendants lack sufficient knowledge and information to form an opinion as to the allegations and, therefore, deny the same.

12. Answering paragraph 11, Defendants lack sufficient knowledge and information to form an opinion as to the allegations and, therefore, deny the same.

13. Paragraph 12 calls for legal conclusions which these Defendants not required to make and, therefore, Defendants deny paragraph 12.

14. The Defendants deny the allegations of Count I, including paragraphs 13, 14, 15, 16, 17, 18, 19, 20, and 21.

15. The Defendants deny the allegations of Count II, including paragraphs 22, 23, 24, 25, 26, 27, and 28.

16. The Defendants deny the allegations of Count III, including paragraphs 31, 32, 33, and 34.

17. The Defendants deny the allegations of Count IV, including paragraphs 35, 36, 37, and 38.

18. The Defendants deny the plaintiff's prayer for relief.

## FOR A SECOND DEFENSE
### (Failure to State Claim)

19. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

20. The Defendants would show that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Comparative Negligence)

21. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

22. The Defendants would show that such injuries or losses that Plaintiff sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring and contributing with the negligence, if any, on the part of these Defendants, to such a degree that Plaintiff's recovery is barred by the doctrine of comparative negligence in South Carolina.

## FOR A FOURTH DEFENSE
### (Sudden Emergency)

23. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

24. Even assuming Defendants were negligent in any respect, which is expressly denied, these Defendants would show that the Plaintiff's injuries or losses were the result of and reaction to

a sudden emergency over which Defendants had no control and, therefore, Plaintiff's action is barred.

**FOR A FIFTH DEFENSE**
**(Assumption of the Risk)**

25. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

26. The Defendants would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, the Defendants would plead the doctrine of assumption of the risk as a complete bar to this action.

**FOR A SIXTH DEFENSE**
**(Unavoidable Accident)**

27. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

28. The Defendants would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by the negligence on the part of the Defendants but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

**FOR A SEVENTH DEFENSE**
**(Intervening or Superseding Negligence)**

29. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

30. The Defendants would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by any negligence on the part of the Defendants, but were rather due to and caused by the contributing, concurring, intervening

or superseding fault, breach of warranty or act or omission of a third party, over which these Defendants had no control.

## FOR AN EIGHTH DEFENSE
### (Waiver and Estoppel)

31.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

32.     The Defendants would show that Plaintiff's Complaint is barred by the doctrine of waiver and estoppel.

## FOR A NINTH DEFENSE
### (Spoliation)

33.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

34.     The Defendants would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

## FOR A TENTH DEFENSE
### (Punitive Damages)

35.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

36.     The Defendants allege that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

37.     The Defendants allege that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3

of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

38. The Defendants allege that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of these Defendants.

39. The Defendants allege that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

40. Defendants would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendants can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills these Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the

Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

41.  Defendants plead all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq.*, as amended.

## FOR AN ELEVENTH DEFENSE
### (Improper Venue)

42.  The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

43.  Defendant pleads the defense of improper venue in the District Court of South Carolina, Charleston Division.

## FOR A TWELFTH DEFENSE
### (Reservation and Non-Waiver)

44.  The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

45.  Defendant reserves the right to assert and does not waive any additional further defenses which may be revealed by additional information that may be acquired in discovery or otherwise.

## FOR A THIRTEENTH DEFENSE
### (Statute of Limitations)

46.  The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

47.  Defendant would show that this action is barred by the applicable Statute of Limitations, enforcement of which is a matter of public policy in South Carolina.

**FOR A FOURTEENTH DEFENSE**
**(Insufficiency of Process/ Service of Process)**

48.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

49.     The Complaint should be dismissed pursuant to Rule 12(b)(4),(5)of the FEDERAL RULES OF CIVIL PROCEDURE on the grounds of insufficiency of process upon Defendant.

**WHEREFORE**, having fully answered, the Defendants pray that the Plaintiff's Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendants demands a jury trial.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

*s/ Mark V. Gende*
Mark S. Barrow, Federal ID No.: 1220
Mark V. Gende, Federal ID No.: 9448
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233
**ATTORNEYS FOR DEFENDANTS**

Columbia, South Carolina
November 20, 2024

## CERTIFICATE OF SERVICE

I, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for Defendant, Howard Anthony James, do hereby certify that I have served a copy of the foregoing Answer in connection with the above-referenced case by emailing a copy of the same to the following address:

James G. Biggart, II, Esq.
jbiggart@forthepeople.com
Morgan & Morgan
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Attorney for Plaintiff

_____
Alexus J. Smith

Columbia, South Carolina
November 20, 2024