# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| IRENE KELLER,<br><br>*Plaintiff*,<br><br>vs.<br><br>HOWARD ANTHONY JAMES and<br>SE INDEPENDENT DELIVERY SERVICES,<br>INC.,<br><br>*Defendants*. | Case No. 2:24-cv-05884-DCN<br><br>**JOINT RULE 26(f) REPORT** |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

☐   We agree that the schedule set forth in the Conference and Scheduling Order filed **December 4, 2024** is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties**.

☒   We agree that the schedule set forth in the Conference and Scheduling Order filed **December 4, 2024** requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be jointly filed by the parties with this report.**

☐   We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

**I.   Rule 26(f)(3), FRCP Discovery Plan**

   **A.   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?**

No changes made or anticipated at this time.

B.   **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties will conduct discovery on liability and the Plaintiff's injuries and damages.

C.   **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

None known at this time.

D.   **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

None known at this time. If necessary, the parties consent to the Court's form confidentiality order.

E.   **What changes should be made on the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

No changes anticipated at this time.

F.   **Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

Plaintiff requests leave to amend her complaint to add the correct party in interest as indicated by Defendants' Local Civ. Rule 26.01 Disclosures and that the caption to this case be corrected to Irene Keller vs. Howard Anthony James and SE Independent Delivery Services, Inc.

II.   **Local Civ. Rule 26.03 (D.S.C.) Disclosures**

A.   **Short statement of the facts of the case.**

This is a personal injury action involving a motor vehicle crash that happened on February 16, 2024, on Interstate 26. Plaintiff alleges that Defendant Howard Anthony James, driving a tractor-trailer in the course and scope of his employment or agency with Defendant SE Independent Delivery Services, Inc., veered out of his lane struck the right side of the vehicle driven by Plaintiff Irene Hope Keller. Plaintiff alleges she sustained permanent injuries and damages as a result of the crash. Defendants deny Plaintiff sustained injuries and damages.

**B.     Names of fact witnesses likely to be called and a brief summary of their expected testimony**

PLAINTIFF'S RESPONSE: Plaintiff anticipates that witnesses will include Plaintiff Irene Hope Keller, Defendant Driver Howard Anthony James, representatives of Defendant corporation SE Independent Delivery Services, Inc., first responders, treating medical professionals, and any other fact witnesses discovery may reveal.

DEFENDANT'S RESPONSE: Defendants concur with the witnesses listed by Plaintiff mentioned above. In addition, depending on discovery, accident reconstruction and/or medical experts may be necessary.

**C.     The names and subject matter of expert witnesses.**

The parties have not disclosed any experts at this time, but will comply with the Conference and Scheduling Order. The parties anticipate that the subject matter of these experts will pertain to liability and damages.

**D.     A summary of the claims or defenses with statutory and/or case citations supporting the same.**

PLAINTIFF'S RESPONSE:

Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.*, 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

Vicarious Liability/*Respondeat Superior*: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

As discovery is ongoing, Plaintiff reserves the right to supplement for any additional claims which may result.

DEFENDANT'S RESPONSE:

Plaintiff has brought claims grounded in negligence. Defendants have answered and denied Plaintiff's allegations and demanded strict proof thereof, in accordance with Plaintiff's burden of proof in a civil action such as this one. Defendants have also cited the doctrine of comparative negligence as described in South Carolina Code Section 15-38-15 and the case law of South Carolina. Defendants have also asserted the defenses of sudden emergency (see Elrod v. All, 243 S.C. 425, 134 S.E.2d 410 (1964)); assumption of known risk (see Turner v. Sinclair Ref. Co., 254 S.C. 36, 173 S.E.2d 356 (1970)); unavoidable accident (see Grier v. Cornelius, 247 S.C. 521, 148 S.E.2d 338 (1966)); and intervening and superseding negligence (see Matthews v. Porter, 239 S.C. 620, 124 S.E.2d 321 (1962));. These defenses would be used to show that the Defendants are either not liable or only partially liable. Additionally, Defendants assert any other defense that may be discovered as discovery as this case progresses. Finally, Defendants assert that Plaintiff's claim for punitive damages violates the Constitution of the United States and the Constitution of South Carolina.

**E.    Absent special instructions from the assigned judge, propose dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.).**

A consent proposed scheduling order is being submitted.

**F.    Any special circumstances that would affect the time frames applied in preparing   the scheduling order.**

None.

**G.    The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

Respectfully submitted,

| **MORGAN & MORGAN, P.A.** | **SWEENY, WINGATE & BARROW, P.A.** |
|---|---|
| */s/ James G. Biggart II* | s/ Mark V. Gende |
| JAMES G. BIGGART II, ESQ. | Mark S. Barrow, Federal ID No.: 1220 |
| Federal ID:     14195 | Mark V. Gende, Federal ID No.: 9448 |
| COOPER KLAASMEYER, ESQ. | 1515 Lady Street |
| Federal ID:     14272 | Post Office Box 12129 |
| 4401 Belle Oaks Drive, Suite 300 | Columbia, South Carolina 29211 |
| North Charleston, SC, 29405 | (803) 256-2233 |
| Telephone:     (843) 973-5186 | **ATTORNEYS FOR DEFENDANTS** |
| Fax:             (843) 973-5208 | |
| biggartlitigation@forthepeople.com | |
| **ATTORNEYS FOR THE PLAINTIFF** | |