# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| PLAINTIFF<br><br>IRENE KELLER,<br><br>-v-<br><br>DEFENDANTS<br><br>HOWARD ANTHONY JAMES and PENSKE TRUCK LEASING CO., | Case No.: 2:24-cv-05884-DCN<br><br>**MOTION FOR LEAVE TO AMEND COMPLAINT** |

Plaintiff Irene Keller, by and through her undersigned attorneys moves for leave to amend her complaint. In support of this motion, Plaintiff would show the following:

## FACTUAL BACKGROUND

This is a personal injury action involving a motor vehicle crash that happened on February 16, 2024, on Interstate 26. Plaintiff alleges that Defendant Howard Anthony James, driving a tractor-trailer in the course and scope of his employment or agency with SE Independent Delivery Services, Inc. and owned by Defendant Penske Truck Leasing Co., LP, veered out of his lane and struck the right side of the vehicle driven by Plaintiff Irene Keller. Plaintiff alleges she sustained permanent injuries and damages as a result of the crash. Defendants deny Plaintiff sustained injuries and damages.

## LEGAL STANDARD

A party may amend a pleading as a matter of course within 21 days after serving it; however, in all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[L]eave to amend should be denied only when the amendment would be prejudicial

to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Foster v. Wintergreen Real Estate, Co.*, 363 F. App'x 269, 276 (4th Cir. 2010).

## ANALYSIS

Here, the parties agree that SE Independent Delivery Services, Inc., is a necessary party. *See* Defendants' Local Rule 26.01 Responses, Dkt. 10 at p. 2, response to G ("Penske Truck Leasing Co. is expected to assert indemnity and defense obligations against Southeast Independent Delivery Services (SEIDS), believed to be the entity operating the truck at the time of the incident."); Joint 26(f) Report, Dkt. 11 at p. 2, response to F. The Parties' only disagreement is whether Defendant Penske remains a proper party to the action. Plaintiff has properly pleaded allegations against Defendant Penske, and is thus entitled to discovery on the issues. Plaintiff should thus be allowed to amend her complaint to include both Defendant Penske and SE Independent Delivery Services, Inc. *See* Proposed Amended Complaint, Exhibit 1.

## CONCLUSION

Until such time as discovery may reveal documents, testimony, or facts which relieve Defendant Penske of its duties under the Federal Motor Carrier Safety Regulations, South Carolina law, and any other duties which may arise from its activities, Defendant Penske remains a proper defendant. Thus, Plaintiff seeks an order allowing her to amend her complaint to add SE Independent Delivery Services, Inc., to the action as a defendant. The undersigned counsel certifies that he has conferred with Defendants' Counsel to resolve the dispute, and the Parties were unable to reach an agreement.

Respectfully submitted,

          **MORGAN & MORGAN, P.A.**

          */s/ Cooper Klaasmeyer*
          JAMES G. BIGGART II, ESQ.
          Federal ID: 14195
          COOPER KLAASMEYER, ESQ.
          Federal ID: 14272
          4401 Belle Oaks Drive, Suite 300
          North Charleston, SC, 29405
          Telephone: (843) 973- 5186
          Fax: (843) 947- 6113
          Biggartlitigation@forthepeople.com
          **Attorneys for the Plaintiff**

June 30, 2025
Charleston, South Carolina