**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **Irene Keller,** | ) | **Case No.:  2:24-cv-05884-DCN** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **DEFENDANTS' MEMORANDUM IN** |
| | ) | **RESPONSE TO PLAINTIFF'S MOTION** |
| **Howard Anthony James and Penske** | ) | **FOR LEAVE TO AMEND COMPLAINT** |
| **Truck Leasing Co.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

      **COME NOW,** the Defendants, Howard Anthony James, and Penske Truck Leasing Co. ("Defendants"), by and through their undersigned attorneys, responding to the Plaintiff's motion for leave to amend complaint, would allege and show unto the Court.[1]

## FACTUAL BACKGROUND

      This is a personal injury action arising from a motor vehicle accident which occurred on February 16, 2024, on Interstate 26 in Dorchester County, South Carolina. Plaintiff alleges that Defendant Howard Anthony James made contact with the passenger side of her vehicle as he attempted to change lanes while driving a tractor-trailer. Defendant James was acting within the scope of his employment with Southeastern Independent Delivery Services, Inc. ("SEIDS") when the incident occurred. SEIDS possessed the truck James was driving at the time of the incident under a long-term lease from Penske Truck Leasing Co. ("Penske"). Plaintiff alleges she sustained permanent injuries and damages as a result of the incident. Defendants deny Plaintiff sustained injuries and damages.

---

[1] Defendants have informed Plaintiff they consent to a **substitution** of SEIDS for Penske.

## LEGAL STANDARD

While a party may amend a pleading once as a matter of course within twenty-one days of service, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that leave to amend a pleading should be denied if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ANALYSIS

Defendants object to Plaintiff's Motion to Amend her Complaint on the basis of futility because while the proposed Amendment correctly adds SEIDS as a necessary party, it fails to remove Penske as a defendant. Penske should have been removed as a defendant because Defendant James was not operating on its behalf, but rather solely on behalf of SEIDS, the motor carrier with complete responsibility for the trip. Instead of properly removing the claims against Penske, the Plaintiff simply added the exact same claims against SEIDS. Both remaining claims against Penske are futile as pled.[2]

**I.      The claim of vicarious liability against Defendant Penske is not plausible because it is precluded by the Graves Amendment.**

---

[2] Defendants did not file a Motion to Dismiss against the claims against Penske initially as they informed Plaintiff of the misidentified defendant and provided the declarations page for SEIDS and a copy of the long-term lease with Penske via email on February 18, 2025. It was the undersigned's understanding the case would proceed with a substitution of parties for SEIDS in Penske's place.

The first claim alleged by Plaintiff against Defendant Penske is vicarious liability. Proposed Am. Compl. ¶ 39-42. Here, there is no set of facts which could establish Plaintiff's claim against Defendant Penske, or any entity in the business of leasing vehicles, for vicarious liability. The Graves Amendment governs leased motor vehicle safety and provides that an owner of a motor vehicle who leases the vehicle *is not liable* for harm to persons or property that results from the use of the vehicle during the lease period if (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner. 49 U.S. Code § 30106(a) (2005).

Penske satisfies the first element because it is an entity engaged in the business of leasing motor vehicles. *See* Exhibit 1. Thus, any claims against Penske involving the use of a vehicle it leased must allege negligence or criminal wrongdoing on the part of Penske. A claim of vicarious liability necessarily does not allege any negligence or criminal wrongdoing on the part of a defendant; therefore, the Amended Complaint's claim of vicarious liability against Defendant Penske is not possible, let alone plausible, under the Graves Amendment. Accordingly, the claim of vicarious liability would not survive a motion to dismiss, is futile, and the Amendment should be denied.

II.     **The claim against Defendant Penske of negligent hiring, training, supervision, and retention is not plausible because Federal Motor Carrier Safety Regulations relieved Defendant Penske of any responsibilities regarding the use or control of the vehicle, and liability under South Carolina law requires the right to control a negligent driver.**

The Amended Complaint's second claim against Defendant Penske of negligent hiring, training, supervision, and retention of Defendant James is also not plausible. *See* Proposed Am. Compl. ¶¶ 43-46. The factual allegation supporting this claim is that James was operating the vehicle on Penske's behalf as an agent, servant, and/or employee when the accident occurred.

*See* Proposed Am. Compl. ¶¶ 5, 40. However, Defendant James was operating under SEIDS's USDOT number, and federal motor carrier regulations assign complete responsibility for operations of a leased vehicle to the lessee. USDOT numbers are assigned to individual motor carriers as unique identifiers and must be displayed on the vehicles to identify the entity responsible for the operation of the vehicle. *See* 49 C.F.R. § 390.19T (2023). The subject vehicle displayed SEIDS's USDOT number and SEIDS was the only motor carrier for this trip. *See* Exhibit 2.

Federal Motor Carrier Safety Regulations of leased vehicles require that for the duration of a lease, "the authorized carrier lessee shall have exclusive possession, control, and use of the equipment." 49 C.F.R. § 376.12(c)(1). Further, "the authorized carrier lessee shall assume complete responsibility for the operation of the equipment for the duration of the lease." *Id.* These regulations are consistent with South Carolina tort law assigning liability for the actions of a negligent driver based on whether an entity had the right to control and direct the negligent driver. *See Hutson v. Herndon*, 243 S.C. 257 (1963) (holding a lessee liable for property damage sustained in a collision involving two tractor-trailer units because the lessee had the right to control and direct the negligent driver).

The Federal Motor Carrier Safety Regulations requiring a lessee to assume "exclusive possession, control, and use" and "complete responsibility for the operation" of a leased vehicle preclude a leasing company like Penske from retaining any right to control a vehicle it leases to a lessee like SEIDS. These regulations remove any potential responsibility for Penske to hire, train, supervise, or retain drivers of its leased vehicles. Therefore, the Amended complaint's claim against Defendant Penske for negligent hiring, training, supervision, and retention of Defendant James is not plausible because Penske had no responsibility for these actions under

federal regulations, and it had no right to control the use of the vehicle by which liability under South Carolina law could be imposed. Accordingly, this claim also would not survive a motion to dismiss, is futile, and the amendment should be denied.

The failure to remove Penske as a Defendant in this case prevents the proposed Amended Complaint from surviving a motion to dismiss because neither claim made against Penske is plausible. Therefore, the proposed Amended Complaint is futile.

## CONCLUSION

Defendant Penske is not a proper party because it is precluded by the Graves Amendment and had no duties or responsibilities under either the Federal Motor Carrier Safety Regulations or South Carolina law by which to base the claims made against it in the proposed Amended Complaint. Accordingly, the proposed Amendment could not survive a motion to dismiss and is futile. Therefore, the Defendants ask that the Court deny the Plaintiff's Motion for Leave to Amend Complaint.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Marshall C. Crane
Mark S. Barrow Fed. I.D. No. 1220
msb@swblaw.com
Marshall C. Crane Fed. I.D. No. 12455
mcc@swblaw.com
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233
**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

July 14, 2025