# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| PLAINTIFF<br><br>    IRENE KELLER,<br><br>    -v-<br><br>DEFENDANTS<br><br>    HOWARD ANTHONY JAMES and<br>    SE INDEPENDENT DELIVERY<br>    SERVICES, INC. | Case No.: 2:24-cv-05884-DCN<br><br><br>**MOTION TO COMPEL COMPLETE<br>DISCOVERY RESPONSES** |

Plaintiff Irene Keller, by and through her undersigned attorneys, moves the Court for an Order compelling Defendant SE Independent Delivery Services, Inc. to fully and completely respond to Plaintiff's Interrogatories and Requests for Production. In support of this motion, Plaintiff would show the following:

## FACTUAL BACKGROUND

This case arises out of a tractor-trailer versus SUV collision on Interstate 26 in Dorchester County, South Carolina. Originally, the named defendants of the action were Penske Truck Leasing and Howard Anthony James. Based upon representations by defense counsel and verification through discovery, Plaintiff determined that SE Independent Delivery Services ("Defendant SEIDS") was the motor carrier operating the tractor-trailer at the time of the collision and obtained an order granting leave to amend her complaint to name Defendant SEIDS in the action. Plaintiff served interrogatories and requests for production upon Defendant SEIDS. Subsequently, Defendant SEIDS answered Plaintiff's discovery requests in manner that Plaintiff argues is deficient and does not comply with the rules. (Exh. A, Defendant SEIDS Answers to Plaintiff's Interrogatories and Requests for Production).

## LEGAL STANDARD

Responses to interrogatories and requests for production are governed by Fed. R. Civ. P. 33 and 34, respectively, as well as Fed. R. Civ. P. 37. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* For interrogatories, "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33. For requests for production, "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34. Courts in the District of South Carolina have interpreted these rules to require specific, meaningful objections in written discovery, rather than the recitation of formulaic objections. *See Curtis v. Time Warner Ent.-Advance/Newhouse P'ship,* No. 3:12-CV-2370-JFA, 2013 WL 2099496, at *2 (D.S.C. May 14, 2013); *Oppenheimer v. Williams*, No. 2:20-CV-4219-DCN, 2021 WL 4086197, at *2 (D.S.C. Sept. 8, 2021), reconsideration denied, No. 2:20-CV-4219-DCN, 2021 WL 5359283 (D.S.C. Nov. 17, 2021).

## ARGUMENT

The discovery responses offered by Defendant SEIDS are evasive and incomplete, and the objections offered are either boilerplate or contrary to the rules and case law. Pursuant to Local Civ. Rule 37.01(b), Defendant SEIDS' responses are filed as an exhibit for the Court's review. Under Local Civ. Rule 7.04, "Legal authorities need not be included in the statement unless unusual legal issues are present or a privilege has been asserted.". Here, Plaintiff has not provided an item-by-item analysis or argument of each deficiency due to the volume of objections and evasive or incomplete responses. Rather, Plaintiff asks the Court to review the responses in totality as in *Curtis*, and order Defendant SEIDS to provide complete responses with specific objections

where they exist and are supported by the rules and case law. 2013 WL 2099496, at *2. For the Court's convenience, Plaintiff provides a summary of the alleged deficiencies below.

Defendant SEIDS lodged objections to thirteen out of twenty-two interrogatories, the majority of which are boilerplate objections based on scope or overbreadth. Interrogatories 2, 5, 6, 14, 15, 17, 18, 19, 20, 21 are all met with such objections. The objection to Interrogatory 3 is directly contrary to Rule 26(a)(1)(A)(iv) and case law from courts in the Fourth Circuit. See, e.g., *Nix v. Holbrook*, No. CIV.A. 5:13-02173, 2015 WL 733778, at *3 (D.S.C. Feb. 20, 2015) (compelling the production of self-insurance policies); *Helms v. Richmond-Petersburg Tpk. Auth.*, 52 F.R.D. 530, 531 (E.D. Va. 1971). The objection to Interrogatory 6 is improper as contention interrogatories are expressly permitted under Fed. R. Civ. P. 33(a)(2). Interrogatories 4, 8, 9, 10, 11, and 12 are not objected to, and yet contain incomplete and evasive answers.

Defendant SEIDS request for production responses reveal more of the same. Defendant SEIDS provides numerous boilerplate objections, including a multitude of privilege objections without providing a privilege log. Defendant SEIDS objects to RFP 1, 2, 9, 10, 13, 14, 15, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 34, 35, 36, 37, 40, 42, 43, 44, and 45. In addition to these objections, a large number of the RFPs are only partially responded to, leaving Plaintiff to guess whether the identified documents exist and are produced, exist and are withheld, or do not exist. Many of the documents requested are required to be stored under the Federal Motor Carrier Safety Regulations. If Defendant SEIDS does not possess such documents, they must state in their response that they do not possess them, free of boilerplate objections. Objections which are merely hypothetical or possible but not actual are improper. If the documents are in Defendant SEIDS possession, they are responsive and relevant to Plaintiff's claims.

## CONCLUSION

Defendant SEIDS discovery responses are deficient and contain wholesale use of boilerplate objections. In addition, many requests are partially ignored creating incomplete and evasive responses. Plaintiff requests that the Court order Defendant SEIDS to amend their responses with specific objections and supplement incomplete or evasive responses. The undersigned certifies that he attempted to confer regarding the contents of the motion, but was unable to reach a resolution or obtain an extension prior to the motion deadline.

**MORGAN & MORGAN, P.A.**

*/s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 973- 5186
Fax: (843) 947- 6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

October 14, 2025
Charleston, South Carolina