IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Irene Keller,** | ) | Case No.: 2:24-cv-05884-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT SE INDEPENDENT** |
| **Howard Anthony James and SE** | ) | **DELIVERY SERVICES, INC.'S** |
| **Independent Delivery Services, Inc.,** | ) | **RESPONSE IN OPPOSITION TO** |
| | ) | **PLAINTIFF'S MOTION TO COMPEL** |
| Defendants. | ) | |

**COMES NOW** the Defendant SE Independent Delivery Services, Inc. ("Southeast"), by and through its undersigned counsel, to respond in opposition to Plaintiff's Motion to Compel Complete Discovery Responses (ECF 26). Plaintiff's Motion to Compel should be denied because Plaintiff has disregarded the local civil rules by (1) failing to attempt in good faith to confer with opposing counsel to resolve the matter before filing the motion or, absent that, failing to explain sufficiently to the Court why such a conference could not be held; (2) failing to file relevant portions of the discovery material as an exhibit to Plaintiff's motion; and (3) failing to state sufficient factual material and legal argument to show grounds for finding Southeast's responses inadequate. Further, and in the alternative, Plaintiff's motion should be denied because Southeast's production was satisfactory and Southeast's objections, where lodged, are legitimate.

## ARGUMENT

I.   **Failure to Confer**

Plaintiff's motion fails on its face, because it does not comply with the local rules. Local Civil Rule 7.02, Duty to Consult Before Filing Any Motion, provides as follows:

> Absent exemption in the governing federal or local civil rule or as set forth below, all motions shall contain an affirmation by the movant's counsel that prior to filing

the motion he or she **conferred or attempted to confer with opposing counsel and attempted in good faith to resolve the matter contained in the motion. If a conference could not be held despite an attempt to do so, counsel shall explain why such conference could not be held**.

Local Rule 7.02 (D.S.C.) (emphasis added).

Failure to comply with this rule, and with other local civil rules governing motions to compel, is grounds for denying a motion to compel. *See, e.g., Motsinger v. Nationwide Mut. Ins. Co.*, No. 4:11-CV-01734-JMC, 2013 WL 2242454, at *1 (D.S.C. May 21, 2013) ("[T]his court dismissed the Second Motion to Compel without prejudice on the grounds that the parties had failed to consult with each other to resolve the matter"); *see also Lloyd v. New Hanover Reg'l Med. Ctr.*, No. 7:06-CV-130D, 2009 WL 674394, at *1 (E.D.N.C. Mar. 11, 2009) ("The local rules at issue promote the orderly resolution of discovery disputes[;] [i]ndeed, the purpose underlying the good faith certification… is to attempt to obviate the need to file a motion to compel through good faith communication[:] [w]hen a party files a motion to compel, yet fails to comply with Local Civil Rules 7.1(c) and 7.2(e), the court may deny the motion.").

In the instant matter, Southeast responded to Plaintiff's Interrogatories and Requests for Production on September 23, 2025, providing written responses and associated document production (in addition to referencing prior document production provided by Southeast's codefendant in this case).[1] On October 14, Plaintiff's counsel attempted to call Southeast's counsel on the phone two times, leaving voicemail messages (and a non-specific email) indicating his desire to discuss Southeast's discovery responses and requesting a call back. Southeast's counsel was unable to call Plaintiff's counsel back that day due to preparations for an oral argument before

---

[1] Notably, Southeast attempted to mediate this case in good faith on September 30, 2025, despite being a named party for only a few weeks at the time. Southeast commends the mediator's ADR report to the Court and agrees that this case would benefit from judicial intervention.

the South Carolina Court of Appeals that took place on October 15, but was prepared to call Plaintiff's counsel back in a timely fashion to confer regarding Plaintiff's dissatisfaction with Southeast's discovery production. At 12:02am on October 15—essentially the same day Plaintiff's counsel had left a voicemail communicating *for the first time* their desire to conference regarding the discovery responses—Plaintiff's counsel filed the instant motion to compel. (ECF 26, at file-stamp ribbon.)

By filing her motion to compel mere hours after first informing Southeast via voicemail of his desire to conference regarding Southeast's responses, Plaintiff's counsel disregarded Local Rule 7.02's requirement that he attempt in good faith to confer with opposing counsel to attempt to resolve his discovery complaints before involving the Court. Furthermore, Plaintiff's certification to the Court that she "attempted to confer regarding the contents of the motion, but was unable to reach a resolution or obtain an extension prior to the motion deadline" (ECF 26 at 4) obscures this lack of good faith attempt at resolution and fails to comply with Local Rule 7.02's requirement of explaining why a conference purportedly could not be held (and/or, in this instance, why Plaintiff's counsel waited to the last day to attempt to contact Southeast's counsel). Due to this failure to comply with Local Rule 7.02, short-circuiting the consultation requirement intended to help avoid such motions, Plaintiff's motion should be denied. To hold otherwise would 1) reward Plaintiff's blatant disregard for the rules, and 2) undermine judicial economy and waste the Court's resources by requiring this Court to review the discovery item-by-item when the parties could have worked together to narrow the issues.

II.     **Failure to File Relevant Discovery Requests and Responses**

Local Civil Rule 7.04, Supporting Memoranda, requires that for "[a]ny motion to compel discovery," "[r]elevant portions of the discovery material should be filed with the motion." Local

Rule 7.04 (D.S.C.). Plaintiff appears to have contemplated filing the discovery responses which she challenges with the Court for its review. *See* ECF 26 at 2 ("Defendant SEIDS' responses are filed as an exhibit for the Court's review"). Plaintiff did not, however, file Southeast's responses, or any other exhibit, in support of her midnight motion. This additional failure to comply with the local civil rules, depriving the Court of the ability to review the responses of which Plaintiff complains, is further evidence of Plaintiff's disregard for the rules. This barebones Motion—meant to frustrate the Defendants and waste the Court's time—should be denied.

### III.  Failure to Provide Sufficient Grounds for Requested Relief

For the reasons stated above, Plaintiff's Motion deserves nothing more than the entry of a text order denying it with prejudice. Out of an abundance of caution, should the Court consider the merits of the Motion, Southeast notes that Local Civil Rule 7.04 requires that "[a]ny motion to compel discovery shall set forth the grounds for the motion, including a statement explaining why the discovery should be had within the context of the action (where the motion challenges objections) or the relevant dates of service and facts demonstrating noncompliance or supporting a challenge to the sufficiency of the response." Local Rule 7.04 (D.S.C.). Instead of providing sufficient explanation and facts to support Plaintiff's challenges to the sufficiency of Southeast's responses, however, Plaintiff relies on vague and conclusory arguments—even though Plaintiff has not filed Southeast's responses for the Court's review. See e.g., ECF 26 at 2 ("Plaintiff has not provided an item-by-item analysis or argument of each deficiency due to the volume of objections and evasive or incomplete responses[;] [r]ather, Plaintiff asks the Court to review the responses in totality…"). What Plaintiff really asks for is this Court to do her homework for her, in lieu of her counsel having a meaningful discussion with Southeast about narrowing, and potentially resolving,

alleged discovery deficiencies. This Court's local rules require otherwise, and Plaintiff should not be rewarded for her "see what sticks" approach.[2]

Plaintiff's motion asserts that Southeast "lodged objections to thirteen out of twenty-two interrogatories, the majority of which are boilerplate of objections based on scope or overbreadth[;] Interrogatories 2, 5, 6, 14, 15, 17, 18, 19, 20, 21 are all met with such objections." ECF 26 at 3. The irony of Plaintiff's making such a conclusory argument in one fell swoop regarding ten different interrogatory answers—no two of which are identical and some of which also provide substantive information in response to the interrogatory partially objected to—is not lost on the undersigned. Southeast responds to Plaintiff's motion in kind by stating that the answers it provided to these interrogatories were not boilerplate, and that where scope of overbreadth were referenced, such objections were appropriate.

Plaintiff makes a similar conclusory allegation (not argument) regarding nearly all the remaining interrogatory answers, baldly asserting that "Interrogatories 4, 8, 9, 10, 11, and 12 are not objected to, and yet contain incomplete and evasive answers." *See id*. Southeast responds in kind by stating that its answers to these interrogatories were not incomplete or evasive.

Plaintiff approaches Southeast's response to requests for production in the same economic fashion, stating that Southeast "provides numerous boilerplate objections… [Southeast] objects to RFP 1, 2, 9, 10, 13, 14, 15, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 34, 35, 36, 37, 40, 42, 43, 44, and 45." *See id*. Plaintiff characterizes the objections in these responses as boilerplate despite only some of them mirroring one another, several of them being highly specific in their application, and many of them providing document production notwithstanding their objections to

---

[2] As discussed *supra*, Southeast takes the position that Plaintiff's Motion is fatally flawed procedurally and impossibly vague substantively. In the alternative, should the Court consider the merits of the Motion, Southeast defends its discovery responses below.

certain portions of the requests. Despite the obvious difficulty in responding to Plaintiff's non-specific, non-substantive Motion, Southeast responds to Plaintiff's assertion that these varied responses are boilerplate by asserting that they are not boilerplate. It is not clear what Plaintiff means by referencing the FMCSRs in her motion, as Southeast's responses provide all relevant materials in its possession where not objected to on the basis of privilege or limits on the scope of discovery.

In a momentary flash of specificity, Plaintiff's motion takes issue with "the objection to Interrogatory 3", without observing that Southeast actually responded to Interrogatory 3 by providing insurance information, objecting only to providing "further information." *See id*. Plaintiff similarly takes direct issue with "the objection to Interrogatory 6 as contention interrogatories are expressly permitted," but fails to note that the interrogatory was only objected to partially on the basis of privilege and that Southeast's answer directed Plaintiff to Defendants' previously produced expert reports discussing Plaintiff's preexisting injuries, leaving the door open to answer further when Plaintiff clarifies the exact extent of her alleged injuries. *See id*.

In sum, to Plaintiff's conclusory and completely unsupported assertions that "[Southeast's] discovery responses are deficient and contain wholesale use of boilerplate objections[, and that] many requests are partially ignored creating incomplete and evasive responses," Southeast responds that its discovery response are not deficient and do not contain wholesale use of boilerplate objections, and that Southeast did not partially ignore many requests creating incomplete and evasive responses.

## REQUEST FOR REASONABLE EXPENSES

Pursuant to Rule 37(a)(5)(B), Southeast respectfully requests that the Court consider an award of the reasonable attorneys' fees and costs incurred by Southeast in opposing Plaintiff's

noncompliant motion. *See* Rule 37(a)(5)(B), FRCP (providing for an award of the reasonable expenses—including attorneys' fees—incurred by a party defending an unsuccessful motion to compel).

## CONCLUSION

Because Plaintiff has flouted the local rules governing motions to compel in filing her motion without a meaningful attempt at conference with Southeast, without filing the subject responses for the Court's review, and without providing meaningful argument as to the alleged deficiencies beyond blanket conclusory allegations, and further because Southeast did in fact respond in a thorough and appropriate manner to Plaintiff's discovery requests, Plaintiff's motion should be denied with prejudice.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Aaron J. Hayes
Mark S. Barrow, Fed. I.D. No. 1220
Marshall C. Crane, Fed. I.D. No. 12455
**Aaron J. Hayes, Fed. I.D. No. 11196**
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANTS HOWARD ANTHONY JAMES AND SE INDEPENDENT DELIVERY SERVICES, INC.**

Columbia, South Carolina

October 28, 2025