**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| PLAINTIFF<br><br>   IRENE KELLER,<br><br>  -v-<br><br>DEFENDANTS<br><br>  HOWARD ANTHONY JAMES and<br>  SE INDEPENDENT DELIVERY<br>  SERVICES, INC. | Case No.: 2:24-cv-05884-DCN<br><br>**MOTION FOR PROTECTIVE ORDER** |

Plaintiff Irene Keller, by and through her undersigned attorneys, moves the Court for a protective order pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 30(c)(2), and Local Civ. Rule 30.04(c). Plaintiff also moves the Court for an order permitting Plaintiff to supplement this motion upon receipt of the relevant deposition transcript and extending Defendants' response deadline until 14 days after supplementary briefing. As this Motion contains a full statement of its grounds, no separate memorandum has been filed. In support of this motion, Plaintiff would show the following:

**FACTUAL BACKGROUND**

On October 28, 2025, Defendants deposed Jack Keller, Plaintiff's husband. At the deposition, Defendants' counsel began a line of questions regarding Mr. Keller's knowledge of and involvement in settlement negotiations between Plaintiff and Defendants. The undersigned objected based on attorney-client privilege and instructed Mr. Keller not to disclose any privileged communications. Defendants' counsel asked whether Mr. Keller was represented by the undersigned. The undersigned stated that Mr. Keller is represented by the undersigned for the loss of consortium claim arising out of the same incident detailed in Plaintiff's amended complaint.

Defendants' counsel then asked whether there was a signed retainer agreement between the undersigned and Mr. Keller. The undersigned again objected based on attorney-client privilege and instructed Mr. Keller not to answer the question. The deposition transcript is not yet available. Prior to filing this Motion, Plaintiff's counsel consulted with Defendants' counsel by telephone and acknowledged that the existence of a signed representation agreement is a fact not generally privileged. Plaintiff's counsel offered to stipulate regarding the existence of such a document, while still protecting the communications between Plaintiff, Mr. Keller, and the undersigned. Defendants' counsel declined.

## LEGAL STANDARD

In diversity cases, state law governs the application of the attorney-client. *ContraVest Inc. v. Mt. Hawley Ins. Co.*, No. 915CV00304DCNMGB, 2016 WL 11200705, at *5 (D.S.C. Dec. 12, 2016), *report and recommendation adopted*, 273 F. Supp. 3d 607 (D.S.C. 2017). Attorneys may instruct a witness to not answer a question when necessary to preserve a privilege. Fed. R. Civ. P. 30(c)(2). Counsel directing a witness not to answer based on privilege must move for a protective order within seven days of the deposition's termination. Local Civ. Rule 30.04(c). In civil matters, South Carolina recognizes relevant privileges for communications both between attorneys and their clients and between one spouse and another. *S.C. State Highway Dep't v. Booker*, 195 S.E.2d 615, 619 (1973).

## ARGUMENT

Defendants' inquiry at deposition sought communications both between Mr. Keller and his attorney and between Mr. Keller and his spouse. South Carolina law protects these communications as privileged. Thus, this Court should grant Plaintiff's motion for a protective order.

I. **Settlement discussions between an attorney and client are confidential and privileged.**

South Carolina's attorney-client privilege protects "communications … of a confidential nature" from disclosure when "the relationship between the parties [is] that of attorney and client[.]" *State v. Love*, 271 S.E.2d 110, 112 (1980). "The court must determine the question of privilege without first requiring disclosure of the substance of the communication." *State v. Doster*, 284 S.E.2d 218, 220 (1981) (collecting cases). If the party asserting the attorney-client privilege "make[s] a prima facie showing that the communications in question are privileged," then the burden of establishing an "exception or waiver" shifts to the party challenging the privilege. *See In re Mt. Hawley Ins. Co.*, 829 S.E.2d 707, 713 (2019). This serves "wise public policy" and "invit[es] the utmost confidence on the part of the client in disclosing his secrets to his professional advisor, under the pledge of the law that such confidence shall not be abused by permitting disclosure of such communications." *Id.* at 712.

Here, the undersigned represents Mr. Keller in connection with his loss of consortium claim arising from the same operative facts as Plaintiff's claims. At his deposition, Mr. Keller confirmed this when asked by Defendants' counsel whether he was going to follow the undersigned's advice and refuse to answer the question, demonstrating the existence of an attorney-client relationship. Defendants' counsel sought Mr. Keller's knowledge of and involvement in settlement negotiations between Plaintiff and Defendants. Settlement discussions are confidential by nature. To the extent Mr. Keller was privy to settlement discussions or advice from the undersigned, those were confidential communications made within the scope of the attorney-client relationship. Thus, South Carolina law would *prima facie* privilege those communications. The undersigned properly objected and instructed Mr. Keller not to answer pursuant to Fed. R. Civ. P. 30(c)(2), which permits such instruction when necessary to preserve a privilege.

Defendants' subsequent question regarding the existence of a signed retainer agreement between Mr. Keller and the undersigned also falls within the scope of privileged inquiry. Although the fact of representation is generally not privileged, questions designed to probe the nature, scope, or documentation of the representation necessarily risk revealing privileged information. Acknowledging that the fact of representation is not generally privileged, Plaintiff offered to respond to a request for admission regarding the representation of Mr. Keller, which Defendants declined. This alternative would have given Defendants the information sought by the question while also serving the "wise public policy" of protecting the attorney-client relationship. Litigants in South Carolina often ask similar questions which are designed to elicit responses which reveal privileged information without verbatim asking about a privileged topic. Such attempts to circumvent attorney-client privilege by asking questions in the penumbra of the privilege are improper because there is no reasonable likelihood of the questions leading to the discovery of admissible information. Thus, Plaintiff asks this Court to issue an order protecting Mr. Keller from further inquiry into these privileged communications.

**II.    Communications between husbands and wives are also privileged.**

Even if the undersigned did not represent Mr. Keller, South Carolina common law and statute also protect confidential communications made between spouses during their marriage from involuntary disclosure in any testimonial proceeding. *See Booker,* 195 S.E.2d at 619. "In any trial or inquiry in any suit, action, or proceeding in any court or before any person having, by law or consent of the parties, authority to examine witnesses…, no husband or wife may be required to disclose any confidential … communication made by one to the other during their marriage." S.C. Code Ann. § 19-11-30.

Mr. Keller and Plaintiff were married at the time of this crash and are still married. Whatever knowledge Mr. Keller has of settlement negotiations Mr. Keller received from either the undersigned or Plaintiff—his lawyer or his wife. Any such communications would have been made during Mr. Keller's marriage to Plaintiff. Thus, whatever the attorney-client privilege may not protect, South Carolina's spousal privilege does.

## CONCLUSION

Plaintiff asks this Court to enter a protective order precluding Defendants from further inquiry into privileged communications between Mr. Keller and his counsel, including but not limited to questions regarding settlement discussions and the nature or documentation of the attorney-client relationship. Plaintiff further asks this Court to permit Plaintiff to supplement this Motion with further briefing after receiving the deposition transcript and to extend Defendants' deadline to file a response until 14 days after such supplemental briefing.

## LOCAL CIV. RULE 7.02 AFFIRMATION

The undersigned affirms that he has conferred with Defendants' counsel prior to filing this motion and confirmed the necessity of filing this motion.

**MORGAN & MORGAN, P.A.**

*/s/ Cooper Klaasmeyer*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 973- 5438
cooper.klaasmeyer@forthepeople.com
**Attorneys for the Plaintiff**

November 4, 2025
Charleston, South Carolina