UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| PLAINTIFF<br><br>  IRENE KELLER,<br><br>  -v-<br><br>DEFENDANTS<br><br>  HOWARD ANTHONY JAMES and SE INDEPENDENT DELIVERY SERVICES, INC. | Case No.: 2:24-cv-05884-DCN<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** |

Plaintiff Irene Keller, by and through her undersigned attorneys replies to Defendant SE Independent Delivery Services, Inc.'s response to Plaintiff's Motion:

## ARGUMENT

**1. Plaintiff complied with Local Civ. Rule 7.02**

Prior to the filing of Plaintiff's Motion, Plaintiff attempted to confer in good faith via phone calls, voicemail, and email with Defendant SEIDS's counsel or to agree to an extension as contemplated by Local Civ. Rule 37.01(A). Unfortunately, Plaintiff could not reach Defendant's counsel in time to secure the extension or confer regarding the substance of the motion. Accordingly, Plaintiff filed her motion to compel pursuant to Local Civ. Rule 37.01(A).

Defendant SEIDS's arguments regarding the proposed remedy of the alleged violation of Local Civ. Rule 7.02 ignore the body of case law on the issue. In cases where courts in the District of South Carolina have found non-compliance with Local Civ. Rule 7.02, courts have uniformly dismissed the motions without prejudice. *Quarterman v. Spirit Line Cruises, LLC*, No. 2:13-CV-3552-PMD, 2016 WL 374787 (D.S.C. Feb. 1, 2016); *Fort v. Leonard,* No. 7:05 1028 HFF WMC, 2006 WL 1487034, at *1 (D.S.C. May 26, 2006*); Renshaw v. First Protective Ins. Co.*, No. 2:24-

CV-01410-RMG, 2024 WL 4812747, at *2 (D.S.C. Aug. 2, 2024). This body of case law includes the first case quoted in Defendant's brief. *See Motsinger v. Nationwide Mut. Ins. Co.*, No. 4:11-CV-01734-JMC, 2013 WL 2242454, at *1 (D.S.C. May 21, 2013) ("[T]his court dismissed the Second Motion to Compel without prejudice on the grounds that the parties had failed to consult with each other to resolve the matter"). Thus, even if the Court finds Local Civ. Rule 7.02 was not satisfied, the proper remedy is to deny the motion without prejudice.

2. **Plaintiff's filing error is harmless and is remedied here**

The undersigned acknowledges his error in failing to file the discovery responses as cited in Plaintiff's Motion and files the exhibit here. (Exh. A, Defendant SEIDS Answers to Plaintiff's Interrogatories and Requests for Production). Defendant SEIDS cannot claim to be prejudiced by this error in responding to Plaintiff's motion, as they were able to refer to their own responses as referenced by number in Plaintiff's motion. Although the Court may have been temporarily deprived of the ability to review the responses, the Court may now refer to them in reviewing Plaintiff's Motion, Defendant SEIDS Response, and Plaintiff's Reply following the conclusion of briefing.

3. **Defendant SEIDS's discovery responses are in direct contradiction of the leading cases on discovery in the District of South Carolina.**

Litigants in the District of South Carolina frequently engage in the age-old discovery game despite the numerous cases warning against the exact type of discovery conduct under analysis here.[1] Defendant SEIDS argues that Plaintiff's Motion is impermissibly vague, but offers no

---

[1] *See Curtis v. Time Warner Ent.-Advance/Newhouse P'ship,* No. 3:12-CV-2370-JFA, 2013 WL 2099496, at *2 (D.S.C. May 14, 2013); *Oppenheimer v. Williams*, No. 2:20-CV-4219-DCN, 2021 WL 4086197, at *2 (D.S.C. Sept. 8, 2021), reconsideration denied, No. 2:20-CV-4219-DCN, 2021 WL 5359283 (D.S.C. Nov. 17, 2021*); McCray v. Allstate Ins. Co.*, No. 3:14-CV-02623-TLW, 2015 WL 6408048, at *3 (D.S.C. Oct. 22, 2015); *Burton v. Chrysler Group*, No. 8:10-cv-00209-MGL, 2012 WL 13118731, at *1 (D.S.C. Sept. 13, 2012); *U.S. v. Town of Irmo*, No. 3:18-CV-03106-JMC, 2020 WL 1025686, at *5 (D.S.C. Mar. 3, 2020)

response to even the defects specifically raised by Plaintiff's Motion. Plaintiff specifically cites Defendant's failure to provide a privilege log and provided case law demonstrating the necessity of a privilege log. *Curtis* 2013 WL 2099496, at *3. Despite this, Defendant provides no explanation for the lack of a privilege log. Even so, Defendant continues to use privilege as a shield in its Response stating, "It is not clear what Plaintiff means by referencing the FMCSRs in her motion, as Southeast's responses provide all relevant materials in its possession where not objected to on the basis of privilege or limits on the scope of discovery." Defendant's Response, Dkt. 28.

Additionally, Defendant cites Plaintiff's specific argument regarding the objection to Interrogatory 3, and yet addresses neither the substance of the objection nor the relevant case law cited.  Defendant's objection reads **"Defendant objects to further production and declaration of any additional or excess policies as that request is disproportionate to the needs of this case as outlined in Rule 26(a)."** (Exh. A, Defendant SEIDS Answers to Plaintiff's Interrogatories and Requests for Production). Plaintiff's Motion states "The objection to Interrogatory 3 is directly contrary to Rule 26(a)(1)(A)(iv) and case law from courts in the Fourth Circuit. *See, e.g., Nix v. Holbrook,* No. CIV.A. 5:13-02173, 2015 WL 733778, at *3 (D.S.C. Feb. 20, 2015) (compelling the production of self-insurance policies); *Helms v. Richmond-Petersburg Tpk. Auth.*, 52 F.R.D. 530, 531 (E.D. Va. 1971)." Despite this, Defendant renders no argument regarding the case law, the federal rule, or the alleged disproportionality. Thus, Defendant SEIDS's claim that Plaintiff's Motion is vague rings hollow as Defendant failed to address the issues which even Defendant acknowledges were specifically addressed in Plaintiff's Motion.

When comparing the vagueness of Defendant's responses against the alleged vagueness of Plaintiff's Motion, the Court should consider that Plaintiff is asking the Court to adopt the approach supported by case law. "Rather than engage in a point-by-point discussion of each bit of

information the plaintiffs seek, the court wishes to memorialize, by way of this order, its general philosophy on discovery responses and then provide the defendant an opportunity to submit new answers to all outstanding discovery." *Curtis*, 2013 WL 2099496, at *2. Meanwhile, Defendant's vague objections are the exact type of objections prohibited in *Curtis*. *Id.*

## CONCLUSION

Plaintiff requests that the Court reject Defendant's arguments and adopt the approach to discovery described in *Curtis*.

**MORGAN & MORGAN, P.A.**

*/s/ Cooper Klaasmeyer*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 973- 5438
cooper.klaasmeyer@forthepeople.com
**Attorneys for the Plaintiff**

November 4, 2025
Charleston, South Carolina