## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

| | | |
|---|---|---|
| Irene Keller, | ) | **Case No.: 2:24-cv-05884-DCN** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **SE INDEPENDENT DELIVERY** |
| | ) | **SERVICES INC.'S ANSWERS TO** |
| Howard Anthony James and SE | ) | **PLAINTIFF'S INTERROGATORIES** |
| Independent Delivery Services Inc., | ) | |
| | ) | |
| Defendants. | ) | |

**TO:    JAMES G. BIGGART, II, ESQUIRE, ATTORNEY FOR THE PLAINTIFF AND TO THE PLAINTIFF ABOVE-NAMED:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the following constitute the Defendant SE Independent Delivery Services Inc.'s Answers to Interrogatories propounded by the Plaintiff.

These Answers are continuing in nature and additional information will be supplied as obtained. Unless otherwise stated, Defendant SE Independent Delivery Service Inc. ("Defendant SEIDS") objects to each interrogatory to the extent that it seeks information protected by the attorney client privilege, the work-product doctrine, and/or any other privilege. Defendant SEIDS also objects to each interrogatory to the extent that it seeks information outside the scope of the discovery allowed under the Federal Rules of Civil Procedure.

## **INTERROGATORIES**

1.      Identify every person or entity who participated in responding to these interrogatories and requests for production. For each, provide the name, address, employer, and job title.

2.    **ANSWER:    Defendant SEIDS objects to this Interrogatory, as opposing counsel is not entitled to the identities of individuals that Defendant's counsel interviewed to respond to discovery. *See e.g. Commonwealth of Mass. v. First Nat'l Supermarkets, Inc*., 112 F.R.D. 149, 152 (D. Mass. 1986) (holding that interrogatories seeking the names of persons interviewed by an adverse party's attorney together with the dates and places of such interviews were improper); *Bd. of Edu. of Evanston TP v. Admiral Heating & Ventilating, Inc*., 104 F.R.D. 23, 32 (N.D. Ill. 1984) (holding that interrogatories seeking the identities of persons whom a party interviewed, where and when such interviews took place, and whether or not a record was made, do not need to be answered as they violate the work product doctrine).** Identify the following officers, directors, employees, and agents within your company at the time of the subject collision who were associated with the driver involved in the subject collision. For each, provide the name, address, and employer.

    a.  Any supervisor of the Defendant Driver;

    b.  The person(s) responsible for interviewing and hiring the Defendant Driver;

    c.  The person(s) who administered the driving test and any other training to the Defendant Driver;

    d.  The Safety Director;

    e.  Federal Safety Regulation Compliance Officer;

    f.  The dispatcher for the trip that resulted in the subject collision;

    g.  Medical Review Officer;

    h.  Risk Manager;

    i.  All mechanics who worked on the involved tractor and trailer in the 30 days preceding the subject collision;

    j.   Any person who responded to the scene of the subject collision;

    k.   Any person who communicated with Defendant Driver on the day of the subject collision; and

    l.   The person(s) responsible for administering the post-crash drug and alcohol test.

**ANSWER: Defendant SEIDS objects to this interrogatory on the grounds that it is disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably limited in scope. Subject to and aithout waiving the foregoing objections, at the time of the subject incident, Mr. James' safety manager was Randy Hazen and his operations manager was Andrew Brown (who is no longer with SEIDS).**

3.    Identify all policies of insurance, including bodily injury, property damage, excess, and umbrella coverages or bonds under the terms of which the person or company issuing such coverage may be required to satisfy all or part of any judgment in this action. For each policy of insurance, please state:

    a.   the name of the insurer;

    b.   the limits of liability contained in the terms of each policy;

    c.   the legal names of every party to each agreement itself and any further or subordinate agreement which in any way relates to the terms of any such agreement; and

    d.   the amount of any deductible or self-insured retention as per each such agreement.

**ANSWER:   See SWB 0027–0037. Dec Page for Chubb ISA H25580473 policy with limits of $5,000,000 per accident. Defendant objects to further production and declaration of any additional or excess policies as that request is disproportionate to the needs of this case as outlined in Rule 26(a).**

4.    If you or anyone acting on your behalf obtained statements in any form from any person regarding the subject collision, please state:

        a.  the name and address of the person(s) who made or provided the

        b.  the name and address of the person(s) to whom the statement was made;

        c.  the date the statement was made;

        d.  the form of the statement, *e.g.*, written, recorded, video, affidavit.

        e.  if the statement was written, whether it was signed and notarized;

        f.  the names and addresses of the present custodians of the statement; and

        g.  a summary of the person's statement containing the facts known to or observed by such person (or provide a copy of any written or recorded statement taken from such person.

**ANSWER:**    **See the text message from Driver Howard James.**

5.    Do you, your attorneys, your insurance carriers, or anyone acting on your or their behalf have or know of any photographs, videos, maps, plats, drawings, diagrams, or other tangible or documentary evidence pertaining in any way to the subject collision, scene of the subject collision, or the condition of any vehicle (or any part thereof) involved in the subject collision, either before or after the subject collision? If so, please identify:

        a.  each tangible item's specific subject matter;

        b.  the date it was made or taken;

        c.  the name and address of the person making or taking it;

        d.  what each item purports to show, illustrate, or represent.

**ANSWER:**    **Defendant objects to this Interrogatory to the extent it seeks mental impressions and legal conclusions of counsel as well as information protected under the**

**work-product doctrine. Subject to and without waiving said objections, see SWB 0001–**

**0063. See also expert disclosures and reports previously provided.**

6.     If you contend that any person, firm, or entity caused or contributed to the injuries claimed by Plaintiff, identify by name, address, job title, and employer all such persons, firms, or entities and state the reasons for your contentions.

**ANSWER:     Defendant objects to this Interrogatory to the extent it seeks mental impressions and legal conclusions of counsel. Additionally, discovery is ongoing and just beginning and Plaintiff has not completely specified her alleged damages sufficiently for Defendant to respond to this Interrogatory. Specifically, Defendant refers Plaintiff to the expert reports provided included discussion of pre-existing injuries.**

7.     Please explain the nature of the employment or contractual relationship between you and the Defendant Driver on the day of the subject collision (*i.e.*, lease operator, company driver, temporary driver, owner-operator, etc.) and include the date the relationship began, the date it terminated, and, if applicable, the person from your company involved in the beginning and termination of said relationship.

**ANSWER:     Driver James was an employee driver for SEIDS.**

8.     State the point of origin, destination, all stops and nature and reasons that the subject tractor/trailer was operating on the day of the collision.

**ANSWER:     See response from Defendant James previously provided and response to Interrogatory 10 below.**

9.     Please provide the following information for the tractor and trailer(s) involved in the subject collision:

    a.   make, model number, and year;

  b. engine manufacturer for the tractor;

  c. the tractor/trailer's loaded combination length, width, and weight at the time of the subject collision;

  d. the tractor's weight and trailer's empty weight, and the gross vehicular weight rating as described by the manufacturer identification plate and its registered weight;

  e. the name of the entity or person to whom the truck or trailer was titled as the owner;

**ANSWER: 2024 Freightliner T12664ST, Detroit Diesel. The tractor-trailer's gross vehicular weight rating is 80,000 pounds.**

10. Please provide the following information regarding the load being transported at the time or just before the subject collision:

  a. where the load originated;

  b. the contents, commodities, and weight of the cargo;

  c. the final destination for the load;

  d. describe all contracts signed or entered into pertaining to the transportation of said cargo;

  e. the name, address, and phone number of the persons or entities identified as the shipper and the person or entity who oversaw the load at the place where said load originated; and

  f. the name, address, and phone number of each broker involved with the load in any way.

**ANSWER: On the day of the collision, Defendant James was hauling an empty container from Dunn, North Carolina, to the port in Wando, South Carolina in order to pick up a loaded container. Defendant SEIDS believes the subject collision occurred in the morning on the way to the port in Wando, South Carolina.**

11. Please describe every electronic device on the tractor and trailer involved in the subject collision, including any electronic control module (ECM), satellite tracking system (*e.g.*, QUALCOMM, VORAD, DDEC), trip monitor, trip recorder, trip master, tachograph, video camera, dash cam, or any other device that records, transmits or preserves data or other information concerning the operation of the driver, tractor, and trailer. For each such device, please describe with specificity the data that was retrieved, recorded, transmitted, and preserved by you, identify the person and entity who downloaded the device, and state the present location and custodian of the data and device.

**ANSWER: ECM, Detroit Advance VRDU, Motive ELD.**

12. Describe how the subject collision occurred, including a description of every action taken by the Defendant Driver to prevent the collision from occurring; all actions the Defendant Driver took immediately after the collision occurred; all actions any employee or agent of Defendant took in response to the subject collision; all actions Plaintiff took immediately after the collision occurred; and the identity of any other vehicles that might have caused or contributed to the cause of the subject collision.

**ANSWER: Defendant refers Plaintiff to the dash camera footage of the accident and the James Text Statement as to how the accident occurred. See SWB 0014–0015.**

13. Did you conduct a post-accident alcohol and controlled substance test on

Defendant Driver after the subject collision? If not, explain why you did not conduct any test. If you did, please state:

        a.   the date and time of the test;

        b.   the person or entity who performed the test;

        c.   the location the test was performed; and

        d.   the specific results of the test.

**ANSWER:     No. None was required under 49 CFR 382.303.**

14.     Please identify all alcohol and controlled substance tests you performed on Defendant Driver at any time before the subject collision, location the test was performed, results of each test, and the names of all persons, firms, or entities who have the results of the tests and appropriate chain of custody forms.

**ANSWER:     Defendant SEIDS objects to this Interrogatory as it is not reasonably limited in time.**

15.     Identify all safety manuals, policy and procedures manuals, and training manuals and materials pertaining to Defendant Driver's operation of the tractor-trailer/truck in use and effect on the date of the subject collision.

**ANSWER:     Defendant SEIDS objects to this Interrogatory as it is not reasonably limited in time and scope and seeks confidential and/or proprietary information.**

16.     Has Defendant Driver ever been disqualified or placed out-of-service while in your employment? If so, please state the dates and reasons for the disqualification.

**ANSWER:     Defendant Driver has never been disqualified or placed out-of-service while in employment with SEIDS.**

17. Please identify your Driver's Record of Service log system and describe all steps you take to ensure the accuracy of the logs submitted by your drivers and your compliance with the Federal Motor Carrier Safety Regulations.

**ANSWER: Defendant objects as the interrogatory is overly broad seeking "all steps" and compliance with the FMCSR globally – many of those regulations are not material to the issues of this case. Additionally, Defendant objects as that request is disproportionate to the needs of this case as outlined in Rule 26(a). Subject to and without waiving said objection, the vehicle involved was equipped with a Motive electronic driver log (ELD) system.**

18. Please describe in detail your drug and alcohol program, including, your pre-hire, random, reasonable suspicion, and post-accident testing procedures, and describe all steps you take to ensure compliance with the Federal Motor Carrier Safety Regulations.

**ANSWER: Defendant objects as the interrogatory is overly broad seeking "all steps" and compliance with the FMCSR globally – many of those regulations are not material to the issues of this case. Additionally, Defendant objects as that request is disproportionate to the needs of this case as outlined in Rule 26(a).**

19. Please describe in detail all training you provided to Defendant Driver before the subject collision, and generally the initial and continuing training requirements for your drivers that were in effect on the date of the present collision.

**ANSWER: Defendant SEIDS objects to this interrogatory as it is not reasonably limited in scope or time and is disproportionate to the needs of this case.**

20. Please state the date and results of any federal, state, local, or vendor review, audit, or inspection of your company for the ten years before the subject collision.

**ANSWER:** **Defendant objects to this Interrogatory as it is ambiguous, overly broad, and disproportionate to the needs of this case and not reasonably tailored to lead to the discovery of admissible evidence.**

21. Please describe how Defendant Driver, his/her dispatcher, and his/her terminal manager were compensated at the time of the subject collision, including any bonus based on driver performance regarding profits, miles driven, number of loads delivered, on-time deliveries, etc., or other productivity indices.

**ANSWER:** **Defendant objects to this Interrogatory as it is ambiguous, overly broad, and disproportionate to the needs of this case and not reasonably calculated to lead to the discovery of admissible evidence.**

21. Describe how your dispatcher issues dispatching instructions: (1) generally to your drivers daily, and (2) specifically to the Defendant Driver for the route involved in the subject collision.

**ANSWER:** **Defendant objects to this Interrogatory as it is ambiguous, overly broad, and disproportionate to the needs of this case and not reasonably calculated to lead to the discovery of admissible evidence.**

22. Did the involved tractor-trailer involved have any mechanical defects at the time of the subject collision? If so, identify each defect and all actions taken to correct such defects, including the identity of each person or entity that corrected or attempted to correct each such defect. Additionally, please identify all documents relating to each such inspection.

**ANSWER: Defendant is not aware of any mechanical defects at the time of the subject collision.**

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Marshall C. Crane
Mark S. Barrow
Marshall C. Crane
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233
**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

September 23, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for the Defendants, do hereby certify that I have served a copy of the foregoing Answers to Interrogatories in connection with the above-referenced case by emailing a copy of the same to the following address:

      James G. Biggart, II, Esq.
      jbiggart@forthepeople.com
      Morgan & Morgan
      4401 Belle Oaks Drive, Suite 300
      North Charleston, SC 29405
      *Attorney for Plaintiff*

Columbia, South Carolina

September 23, 2025

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Irene Keller, | ) | **Case No.: 2:24-cv-05884-DCN** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **SE INDEPENDENT DELIVERY** |
| | ) | **SERVICES INC.'S RESPONSES TO** |
| Howard Anthony James and SE | ) | **PLAINTIFF'S REQUESTS FOR** |
| Independent Delivery Services Inc., | ) | **PRODUCTION** |
| | ) | |
| Defendants. | ) | |

**TO:    JAMES G. BIGGART, II, ESQUIRE, ATTORNEY FOR THE PLAINTIFF AND TO THE PLAINTIFF ABOVE-NAMED:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the following constitute Defendant SEIDS's Responses to Requests for Production propounded by Plaintiff.  These responses are continuing in nature and additional information will be supplied as obtained. Defendant SEIDS objects to each request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, any other privilege, or is outside the scope of the discovery permitted by the Federal Rules of Civil Procedure.

<u>**ITEMS TO BE PRODUCED**</u>

1.    All statements, written or recorded, of any person pertaining to the subject collision.

**RESPONSE: Defendant SEIDS objects to this request to the extent that it seeks information and materials protected by the work-product doctrine. Without waiving such objection, See James Text Statement and TR-310, see SWB 0015–0016.**

2.    All photos taken by any person in your possession or control pertaining to the

subject collision, crash scene, vehicles involved, and persons involved. Photos shall be produced in their original, full-size format.

**RESPONSE: Defendant SEIDS objects to this request to the extent that it seeks information protected by SCRCP 26(b)(3) and attorney-client privilege and work product protections. Subject to said objections, please see all documents produced herewith:**

1. **SWB 0001-0001 - Photo of Keller's Tire**

2. **SWB 0002-0002 - Truck Driver's Side**

3. **SWB 0003-0003 - Truck Passenger's Side**

4. **SWB 0004-0004 - Truck Passenger's Side Rear View**

5. **SWB 0005-0005 - Container Chassis Rear Wheels**

6. **SWB 0006-0006 - Container Chassis Rear Wheels 2**

7. **SWB 0007-0007 - Container Chassis Front Wheels**

8. **SWB 0008-0008 - Truck Driver's Side Rear View**

9. **SWB 0009-0009 - Truck Driver's Side 2**

10. **SWB 0010-0013 – Additional James Photos**

3.      All videos taken by any person in your possession or control pertaining to the subject collision, crash scene, vehicles involved, and persons involved. Videos should be produced in their original, full-size format.

**RESPONSE: Please see dash cam footage provided herewith:**

1. **SWB 0014-0014 – James Forward Facing Video**

4.      All law enforcement videos pertaining to the subject collision, including dash cam, body-worn camera or other recording device.

**RESPONSE: Defendant is not in possession of any such documents.**

5.       A complete copy of all forward and rear-facing videos recorded by any electronic device onboard the tractor and trailer involved in the subject collision, e.g., Real Time Fleet Dash Cam or similar equipment. The video shall be unedited and in original, full-size format and contain all footage recorded by the electronic device(s) before and after the subject collision.

**RESPONSE: Please see response to Request No. 3 above.**

6.       All audio recordings from 911 or emergency responders pertaining to the subject collision.

**RESPONSE: Please see all documents produced herewith:**

        **1.       SWB 0017-0020 - CAD**

        **2.       SWB 0021-0021 – Dispatch Audio**

7.       All accident reports completed by any law enforcement or governmental entity pertaining to the subject collision.

**RESPONSE: Please see TR-310.**

8.       All photos or other tangible items collected by any law enforcement or governmental entity during the investigation of the subject collision.

**RESPONSE: See FOIA response from SCDPS.**

9.       All maintenance records, repair estimates and invoices (including photos), and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Driver on the day of the subject collision for one year before and the six-months after the subject collision.

**RESPONSE: Defendant objects to this Request as it is not reasonably calculated to lead to the discovery of admissible material. Subject to and without waiving said objection,**

**see Keller Penske 0011-0018.**

10.    Any documents pertaining to a post-crash preventability analysis and determination conducted by you or any agent on your behalf following the subject collision.

**RESPONSE: Defendant SEIDS objects to this request to the extent that it seeks information and materials subject to and protected by the attorney-client privilege and/or work-product doctrine.**

11.    A photo of the door jamb sticker (equipment identification sticker) that was attached to the truck or tractor involved in the subject collision.

**RESPONSE: See photos referenced above.**

12.    A copy of all of Defendant Driver's driving license(s) in effect on the date of this subject collision.

**RESPONSE: See photo in DQ file. See SWB 0099-0100.**

13.    All correspondence, emails, reports, forms, letters, or other documents between you and any insurance carrier to provide notice of the subject collision, property damage claims, or any other claims arising from the subject collision.

**RESPONSE: Defendant SEIDS objects to this request as it seeks information protected by SCRCP 26(b)(3) and attorney–client privilege and work product protections. Any emails regarding the subsequent investigation are covered by this codified work product protection.**

14.    All documents pertaining to the load being carried at the time of the subject collision or the documents pertaining to the last load preceding the subject collision, including but not limited to bills of lading, contracts, toll receipts, broker documents, and driver receipts for food, drink, lodging and fuel.

**RESPONSE: Defendant objects to this Request as it is not reasonably calculated to lead to the discovery of admissible material.**

15.     A *complete* copy of Defendant Driver's qualification file, including but not limited to:

(a) Application for employment;

(b) Copy of CDL license;

(c) Driver's certification of prior motor vehicle accidents;

(d) Driver's certification of prior violations of motor vehicle laws;

(e) Driver's prior employment history;

(f) Carrier's inquiry into Defendant Driver's driving record;

(g) Carrier's inquiry into Defendant Driver's employment record;

(h) Documents regarding the carrier's annual review of Defendant Driver's driving record;

(i) Any federal, state or local agency's response to the carrier's annual inquiry concerning Defendant Driver's driving record;

(j) Certification of Defendant Driver's road test;

(k) All Medical examiners' certificate;

(I) All documents pertaining to the denial, revocation, or suspension of Defendant Driver's license, permit or privilege to operate a motor vehicle;

(m) Defendant Driver's training certificates and training documents;

(n) Defendant Driver's drug testing records and results, including pre-employment, random and post-accident tests; and

(o) Any other documents pertaining to Defendant Driver required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.51.

**RESPONSE: Defendant objects to this Request to the extent that it exceeds the Department of Transportation's required DQ file materials. Subject to said objections, see DQ file, SWB 0063-0100.**

16.     Copies of all annual reviews, including MVR's, reflecting Defendant Driver's past driving record.

**RESPONSE: See DQ file, SWB 0063-0100.**

17.     Inquiries and responses to state driving agencies and prior employers pertaining to Defendant Driver, which were made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23.

**RESPONSE: See DQ file, SWB 0063-0100.**

18.     Inquiries and responses concerning annual reviews of driving records and violations pertaining to Defendant Driver made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27.

**RESPONSE: See DQ file, SWB 0063-0100.**

19.     Electronic or physical logs and records showing Defendant Driver's hours of service, *e.g.*, "Driver's Daily Logs," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs," or records of on-duty time if the driver is not required to keep logs, for the day of the subject collision and six months before the subject collision.

**RESPONSE: Defendant SEIDS objects to this request as it is not reasonably limited in time. Subject to and without waiving said objection, see SWB 101 – 102.**

20.     All documents showing the results of all drug and alcohol tests administered to Defendant Driver from the beginning of his employment to the current date.

**RESPONSE: Defendant SEIDS objects to this request as it is not reasonably limited in time and not reasonably calculated to lead to the discovery of admissible evidence.**

21.     All documents showing the results of any random, "reasonable cause," pre-employment, biennial, and post-accident drug and alcohol test performed on Defendant Driver, including the records required by the FMCSR Subpart-D, §382.401 (b) (1) (retention of all positive results for the past five years) and §382.401 (b) (3) (Records of negative and canceled controlled substance test results and alcohol test results.)

**RESPONSE:  Defendant SEIDS objects to this request as it is not reasonably limited in time.**

22.     The Accident Register that you maintain for the three years before the subject collision, including the date of said collision.

23. **RESPONSE:      Defendant SEIDS objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.** All call-in reports or "accident call records" related to the subject collision.

**RESPONSE: Defendant objects to this Request as it is vague and ambiguous. Additionally, it appears to seek materials that are protected by FRCP 26(b)(3) and attorney-client privilege and work product protections.**

24.     Your complete accident file for this collision.

**RESPONSE: Defendant objects to this Request as it is vague and ambiguous. Additionally, it appears to seek materials that are protected by FRCP 26(b)(3) and attorney-client privilege and work product protections.**

25.     The original raw data and copies of all printouts from any on-board recording device, computer, or other system. including printouts for engine computer data, Qualcomm data, Qualcomm messages and "breadcrumb reports," trip recorder, trip master, electronic control module (ECM) or any device known by any other name that records information concerning the operation of the truck for the 30 days before the subject collision through and including 10 days after the subject collision. This includes but is not limited to the DDEC, Cat-ET, PowerSpec, VCADS, or other similar reports showing the hard brake data, vehicle speed, engine RPM, brake status, and clutch status.

**RESPONSE: Defendant SEIDS objects to this request as it is not reasonably limited in time. Subject to and without waiving said objection, see SWB 101 – 102.**

26.     All GPS reports pertaining to Defendant Driver for the 30 days before, and including the day of, the subject collision.

**RESPONSE: Defendant SEIDS objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.**

27.     Copies of all electronic messages sent by you to Defendant Driver for the 30 days before, and including the day of, the subject collision.

**RESPONSE: Defendant SEIDS objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.**

28.     Copies of all electronic messages sent by Defendant Driver to you for the 30 days before, and including the day of, the subject collision.

2:24-cv-05884-DCN     Date Filed 11/04/25     Entry Number 30-1     Page 21 of 26

**RESPONSE: Defendant SEIDS objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.**

29.     All citations issued to Defendant Driver by the Department of Transportation, South Carolina Department of Transportation, or Federal Highway Administration for any violation of the Federal Motor Carrier Safety Regulations.

**RESPONSE: Defendant objects to this request as it calls for information publicly available at equal hardship to Plaintiff. Without waiving such objection, see DQ file to the extent it references materials responsive to this Request.**

30.     All daily vehicle inspection reports concerning the subject tractor and trailer involved in the subject collision for the 30 days prior to the subject collision and the day of the subject collision.

**RESPONSE: Defendant SEIDS objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, there is no allegation of a mechanical or maintenance issue in this matter.**

31.     All maintenance records, including but not limited to the preventative maintenance schedule for the tractor and trailer involved in this subject collision for the six months before the subject collision.

**RESPONSE: Defendant SEIDS objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, there is no allegation of a mechanical or maintenance issue in this matter.**

32.     Copies of all lease, rental, and other agreements regarding the tractor, trailer, and Defendant Driver involved in the subject collision, which were operative at the time of the subject collision.

Page **9** of 14

**RESPONSE: Please see Penske rental agreement.**

33.    All employment contracts and lease agreements between you and Defendant Driver in force on the day of the subject collision (*i.e.*, lease operator, company driver, temporary driver, owner-operator).

**RESPONSE: SEIDS did not have a contract or lease agreement with the Defendant Driver in force on the day of the subject collision.**

34.    All fuel receipts, toll receipts, fuel card/credit card reports, food receipts, checks, drafts, daily trip reports, payroll records, payroll worksheets, and all other driving reports pertaining to Defendant Driver for the six months before the subject collision and 30 days after the collision.

**RESPONSE: Defendant SEIDS objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.**

35.    All reports and related documents pertaining to any governmental agency reviews or inspection of your company for the 3 years before the subject collision.

**RESPONSE: Defendant objects to this Request as it is ambiguous, overly broad, and disproportionate to the needs of this case and not reasonably tailored to lead to the discovery of admissible evidence.**

36.    All correspondence, claim forms, emails or other documents received by you or your insurance carrier from the owner of the goods being transported at the time of the subject collision.

**RESPONSE: Defendant SEIDS objects to this request as it requests information and materials protected by the attorney-client privilege and/or work-product doctrine.**

37.    All documents pertaining to any brokers involved in the load being transported

at the time of the subject collision.

**RESPONSE: Defendant SEIDS objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.**

38.     The registration, title, and latest tag receipt for the tractor and trailer involved in the subject collision.

**RESPONSE: See TR-310, SWB 0016–0016.**

39.     All correspondence, reports, forms, emails, and other documents sent to or received from any federal, state, or local regulatory agency pertaining to this subject collision.

**RESPONSE: See TR-310.**

40.     All documents and tangible items that support any contention that any person or entity, other than you and Defendant Driver, was responsible for causing the subject collision.

**RESPONSE: Defendant SEIDS objects to this request to the extent that it calls for legal conclusions of counsel. Subject to such objection, Defendant SEIDS is not in possession of documents responsive to this Request at this time.**

41.     Any document, booklet,

**RESPONSE: Defendant SEIDS is incapable of responding to this request as it is not complete or clear what is being sought.**

42.     All documents showing your authority to operate your trucks through the State of South Carolina and your permit to operate pursuant to the Federal Highway Administration rules and regulations.

**RESPONSE: See response above regarding stickers on the cab for operating authority.**

43.     All insuring agreements, bonds and reinsurance agreements, including

underlying and excess, along with each policy's declarations page, amendments, endorsements, and changes to the policies of insurance in effect on the day of the subject collision that could provide coverage to you and Defendant Driver for Plaintiff's alleged losses, injuries and damages.

**RESPONSE: See Dec Page produced. Defendant objects to further production and declaration of any additional or excess policies as that request is disproportionate to the needs of this case as outlined in Rule 26(a).**

44.     All medical reviews of Defendant Driver for the ten years before the subject collision and return to duty authorizations.

**RESPONSE: Defendant objects to the scope and time frame of the subject request as it is overly broad, seeks protected medical information and is disproportionate to the needs of the case. Subject to and without waivimg said objection, see DQ File, SWB 0063-0100.**

45.     All written Safety Program, Maintenance Program, and Personnel Manuals for your employees, as well as any literature, memoranda, newsletters, or any other related materials or documents that was or may have been given to your drivers regarding hours of service, company policies, D.O.T. regulations, drug testing & alcohol training.

**RESPONSE: Defendant SEIDS objects to this request as it is not reasonably limited in time and scope.**

46.     All documents pertaining to the termination of Defendant Driver following the subject collision, including those sent to any governmental agency.

**RESPONSE:  Defendant Driver was not terminated following the subject collision.**

**Therefore, Defendant SEIDS is not in possession of such documents.**

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Marshall C. Crane
Mark S. Barrow
Marshall C. Crane
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

September 23, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for the Defendants, do hereby certify that I have served a copy of the foregoing Responses to Requests for Production in connection with the above-referenced case by emailing a copy of the same to the following address:

James G. Biggart, II, Esq.
jbiggart@forthepeople.com
Morgan & Morgan
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
*Attorney for Plaintiff*

Sandra M. Tribble

Columbia, South Carolina

September 23, 2025