IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Irene Keller, ) | Civil Action No.: 2:24-CV-05884-DCN |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | DEFENDANTS' MOTION TO |
| ) | STRIKE/EXCLUDE PLAINTIFF'S EXPERT |
| Howard Anthony James and SE ) | PAUL WHITE, MD'S NEW REPORT |
| Independent Delivery Services, Inc., ) | |
| ) | |
| Defendants. ) | |

COMES NOW THE DEFENDANTS, Howard Anthony James and SE Independent Delivery Services, Inc., who, pursuant to Rules 26 and 37 of the *Federal Rules of Civil Procedure*, move for an Order as follows:

1) Awarding attorneys' fees and deposition costs incurred from the paused deposition of Plaintiff's expert, Dr. Paul White, as Plaintiff's failure to provide the doctor's new report before the start of Dr. White's deposition violates the scheduling order and prejudices Defendants;

2) Striking Dr. White's new report, an updated life care plan, and excluding Dr. White's testimony from trial to the extent reliant on the updated life care plan; and

3) Awarding the costs and fees to be incurred for the resumption of Dr. White's deposition.

A full memorandum as required by Local Rules 7.04 and 7.05 is set forth below.

### NATURE OF THE CASE

This case stems from a 2024 automobile collision. Defendant Howard Anthony James was driving a tractor-trailer when he began changing lanes. The stair-step of the tractor grazed the wheel of Plaintiff's Mercedes SUV traveling in the same direction as Mr. James, and Mr. James returned to his lane. The forward-facing camera depicts the minimal interaction, and experts have calculated the force as less than that required of activities of daily living. Plaintiff,

for her part, alleges a lifetime of care will be required and has hired Paul White, MD, of Atlanta, Georgia as her life care planner. The catalyst for this case is depicted below:



## FACTS

Plaintiff's expert witness disclosure deadline was August 18, 2025. *See* Am. Conf. and Sched. Order (ECF 12). At that time, Plaintiff disclosed Dr. White as an expert and provided his report, a life care plan. (*See* Initial Life Care Plan, attached hereto as **Exhibit 1**.) Defendants' deadline was September 19, 2025. *Id.* On November 3, 2025, Defendants' counsel attempted to depose Dr. Paul White. At the beginning of his deposition, Dr. White indicated that he had created an updated life care plan the Friday prior to the deposition. Dr. White's deposition was scheduled to begin at 2:00 p.m., and he sent his "updated" Life Care Plan 2:00 p.m. that day to Plaintiff's counsel:

```
2   A:   So I prepared -- I actually have an updated
3        report, Life Care Plan.  I thought it got sent off
4        Friday, but I believe it just got sent over at 2
5        o'clock, but I prepared an updated Life Care Plan
```

```
 6        by speaking to Ms. Keller when she was asking me
 7        about the new plan and speaking to Dr. Patel which
 8        is also reflected in the new plan, so ...
 9   Q:   Okay.  Well, let me ask you.  You said it got sent
10        out at 2:00 p.m. today.  Is that sent out to Mr.
11        Klaasmeyer at 2:00 p.m. today?
12   A:   Let me see who it got sent to.  It got sent to --
13        no.  I got an email from a paralegal, Stephanie
14        Wright and then Mila Musali who asked if I had the
15        updated report available, and I sent it to them.
16   Q:   And when you said, "2:00 p.m.", you mean ten
17        minutes go?
18   A:   Yeah.  Apparently, they didn't get it through my
19        invoices through QuickBooks, I believe.  They said
20        they didn't get it through QuickBooks, even though
21        it was sent, so I just sent them a PDF copy of it.
22   Q:   And when did you complete that report?
23   A:   This past Friday.
```

Dep. of Paul White, at 5:2-23 (transcript attached hereto as **Exhibit 2**). Plaintiff's counsel stated the new report had not been provided to the Defendants' counsel's office and that he was also not in possession of the new report at the time of the deposition. *Id.* at 5:24-3. According to Dr. White, Plaintiff's counsel Jim Biggart left a voicemail asking Dr. White to provide a new report on Wednesday, October 29 -- seven days after the issuance of the Notice of Deposition dated October 22, 2025 and over two months after the expiration of Plaintiff's expert witness disclosure deadline. *Id.* at 6:20-7:19; *see also* Notice of Deposition (attached hereto as **Exhibit 3**). As a result, Defendants' counsel did not receive the new life care plan until after the deposition started, and counsel paused the deposition to review the report and requested Plaintiff's team pay for the day's proceedings and the resumption of Dr. White's deposition in the future:

```
 6   MR. HAYES:  Okay.  For the record, I will state that
 7   we are pushing the pause button on this deposition,
 8   and we'll leave it open, and we'll reconvene later.
 9   We've just received an updated report from Dr. White
10   that came in after the deposition had commenced today
11   that we had not previously seen.  We believe that we
```

```
12  should have the opportunity to review that report and
13  take Dr. White's discovery deposition after we've had
14  a chance to digest it.  For the record, the defense is
15  requesting that the plaintiff's team pay for today's
16  proceedings, and the defense is also requesting that
17  the plaintiff's team pay for the resumption of
18  Dr. White's deposition, which will be scheduled at a
19  mutually convenient time.  Of course, we do not waive
20  any objections to the admissibility or anything like
21  that of Dr. White's reports, but just for the purposes
22  of discovery, we are pausing today's deposition, and
23  we'll reconvene after we've had a chance to sort out
24  these payment issues and also had more time to review
25  the Life Care Plan.  And that is the statement of the
 1  defense for the record.
```

*Id.* at 8:6-9:1. This Motion follows, as consultation between the parties concerning these issues has been unproductive.

## LEGAL STANDARD

Under Rule 26(a)(2)(B) of the Federal Rules of Civil procedure, each expert witness disclosure requires:

> a complete statement of all opinions to be expressed and the basis and reasons therefor[e]; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

*Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006) (citing Fed. R. Civ. P. 26(a)(2)(C)). Further, under Rule 37(c)(1),

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is <u>not allowed to use that information or witness</u> to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. Proc. R 37(c)(1) (emphasis added). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard <u>may order payment of the</u>

4

reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. Proc. R 37(c)(1)(A) (emphasis added). In the context of depositions, when a report from an expert is required by Rule 26(a)(2)(b), "the deposition may be conducted only after the report is provided." Fed. R. Civ. Proc. R 26(b)(4)(A) (emphasis added).

When deciding whether a party's failure to timely disclose an expert was substantially justified or harmless, the court considers:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Baker v. United States*, 645 F. App'x 266, 270 (4th Cir. 2016) (citing *Wilkins*, 751 F.3d at 222 (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)).

As Rule 26 disclosures are critical to discovery involving expert witnesses, "[a] party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case. For this reason, '[w]e give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).'" *Carr v. Deeds*, 453 F.3d 593, 604 (4th Cir. 2006) (quoting S*audi v. Northrop Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005) (quoting *Southern States*, 318 F.3d at 595)) (emphasis added).

In *Carr v. Deeds*, the 4th Circuit Court of Appeals held that the district court did not abuse its discretion by excluding an expert witness and his report in support of Plaintiff's allegation of an execution-style murder by police when Plaintiff failed to serve a disclosure for the expert witness. *Carr v. Deeds*, 453 F.3d 593 (4th Cir. 2006). The court stated that "as a consequence of plaintiff's failure to provide the information plainly required by the rule, defendants were not

5

permitted to investigate Dr. Cooper's licensure, training, background, or expertise . . ." *Id.* at 604. Further, Plaintiff's failure to comply "prejudiced" defendants in their ability to timely defend accusations made by the doctor. *Id.* at 605.

In *Michelone v. Desmarais*, the Court of Appeals found that although an expert's new report was filed shortly before trial, the expert was properly permitted to testify because the physician's previous report and deposition testimony set out substantially the same information as the report. *Michelone v. Desmarais*, 25 F. App'x 155 (4th Cir. 2002). "The magistrate judge did not abuse her discretion in finding that the late filing violation of Rule 26(a)(2)(C) was, in the end, harmless. The rule's report requirement is meant in part to prevent prejudice created by last minute surprises." *Id.* at 158. "Thus, whether a late disclosure is prejudicial depends on whether the expert testimony was unexpected and left the other party without adequate opportunity to prepare for it." *Id.* As the late report contained substantially the same information as previously shared, the plaintiff was not prejudiced and still had adequate opportunity to prepare. That is not the case here. (*Compare* Initial Life Care Plan, Exhibit 1, *with* Updated Life Care Plan (attached hereto as **Exhibit 4**).)

## ARGUMENT

I.  **Plaintiff's failure to provide Defendants with notice of or access to Dr. White's new Life Care Plan until his deposition violates the scheduling order and prejudices Defendants; therefore, this Court should order Plaintiff to cover attorneys' fees incurred in preparation of and the costs associated with Dr. White's first deposition.**

Plaintiff's failure to disclose Dr. White's updated report to Defendants until after the start of his deposition goes directly against the Rule 26(b)(4)(A) requirement that the report be provided <u>before</u> the deposition (and <u>before</u> the expiration of the scheduling order deadline). Like the expert report in *Carr*, not notifying or providing Defendants with Dr. White's updated Life

6

Care Plan until his deposition had already commenced prejudiced Defendants by not allowing time to review the contents of the plan, defend against the opinions expressed within the report, and provide the updated report to Defendants' own expert (who has already submitted a report in compliance with the deadlines set by this Court). At the time of the deposition, Defendants had spent time preparing questions regarding the original Life Care Plan and had not anticipated having to ask questions regarding a new report:

```
22   MR. HAYES:  Well, to be honest, I'm not prepared to
23   take this deposition right now on a new report.  We
24   might have to reconvene.
```

White Dep. 7:22-24. Similar to *Carr*, not having prior access to Dr. White's new Life Care Plan prevented Defendants from investigating and ascertaining the relevance or validity of the opinions expressed in the report in a timely fashion. For instance, though lower in face value, the new report has two "TBD" line items for two potential surgeries (a cervical fusion and a new lumbar laminectomy) previously unknown to Defendants. (*See* Updated Life Care Plan, Ex. 4, at 24.) Therefore, due to the surprise of a new report, the time spent preparing and then attempting to conduct Dr. White's deposition presented an unwarranted cost for Defendants and should be covered by the Plaintiff.

> **II.     Due to Defendants' inability to cure the surprise of Dr. White's new Life Care Plan, Dr. White's new report should be stricken and Dr. White's testimony should be limited to his initial report. Additionally, Plaintiff should be held responsible for the costs and attorneys' fees associated with the resumption of Dr. White's deposition.**

Receiving a new report mid-deposition (and after Defendants' own expert deadline has expired) deprives Defendants of the opportunity to cure the surprise and unfairly inhibited Defendants' questioning, especially considering the report was based on new discussions with the plaintiff and her doctor:

```
2   A:   So I prepared -- I actually have an updated
3        report, Life Care Plan.  I thought it got sent off
4        Friday, but I believe it just got sent over at 2
5        o'clock, but I prepared an updated Life Care Plan
6        by speaking to Ms. Keller when she was asking me
7        about the new plan and speaking to Dr. Patel which
8        is also reflected in the new plan, so ...
```

White Dep. 5:2-8 (emphasis added). In contrast to *Michelone*, these discussions could have substantially changed the substance and opinions expressed in Dr. White's calculations regarding Mrs. Keller's future care, and Defendants' counsel could therefore not reasonably anticipate the content of Dr. White's new opinions. Therefore, pursuant to Fed. R. Civ. Proc. 37(c), Dr. White's new life care plan should not be allowed at trial since Defendants were deprived of the opportunity to cure the surprise of the new report.[1]  Additionally, Plaintiff should be responsible for the costs and attorneys' fees necessary for resuming Dr. White's deposition.[2]

## CONCLUSION

Plaintiff's failure to disclose and provide Dr. White's new Life Care Plan until Dr. White's deposition directly violates Rule 26 of the Federal Rules of Civil Procedure regarding disclosures of expert witnesses. Therefore, under Rule 37(c)(1), Defendants request that this Court order Plaintiff to cover the fees and costs incurred by Defendants in preparing for and attempting to take the deposition.  Further, Defendants request that this Court strike Dr. White's updated life care plan and exclude any accompanying testimony at trial. Finally, Defendants

---

[1] Defendants note that Plaintiff never asked Defendants' or the Court's permission for a late expert report.  In any event, such a request, whether made then or now, would violate judicial economy by causing unnecessary delay.  Plaintiff filed this case and has the burden to prosecute it within the parameters set by the Court's scheduling orders.

[2] For the record, Defendants note that Dr. White's witness fee is $3,500.  Defendants should be refunded that sum by Plaintiff.  Defendants also note that Dr. White offered to waive his witness fee for a resumed deposition.  Therefore, the sum of Defendants' monetary request in this Motion is for 1) the attorneys' fees, costs, and witness fee associated with the initial deposition, and 2) the attorneys' fees and costs to be associated with a future resumed deposition (assuming Dr. White waives his witness fee for the resumed deposition).

8

request the Court hold Plaintiff responsible for the fees and costs associated with the resumption of Dr. White's deposition.

          Respectfully submitted,

          **SWEENY, WINGATE & BARROW, P.A.**

          s/ Aaron J. Hayes
          Mark S. Barrow
          Aaron J. Hayes, Fed. I.D. No. 11196
          Sweeny, Wingate & Barrow, P.A.
          Post Office Box 12129
          Columbia, SC  29211
          (803) 256-2233

          **ATTORNEYS FOR DEFENDANTS**

Columbia, South Carolina

November 26, 2025