**Exhibit 3**



# SWEENY WINGATE & BARROW P.A.

October 22, 2025

Reply to: Main Office

Sydney E. Boyle
(803) 256-2233
seb@swblaw.com

James G. Biggart, II, Esquire
Morgan & Morgan
4401 Belle Oaks Drive
Suite 300
North Charleston, South Carolina 29405

RE:  Irene Keller v. Howard Anthony James and Penske Truck Leasing Co.
     Civil Action No.:   2:24-cv-05884-DCN
     Our File:           7171-15367

Dear Counsel:

Please find enclosed the Subpoena and Notice of Deposition of Paul White, MD, LCP in connection with the above-referenced matter, which I hereby serve upon you by this letter.

As you can see, the deposition is scheduled to take place on **November 3, 2025, beginning at 2:00 PM**.

As always, should you have any questions or concerns, please do not hesitate to contact me.

Yours truly,

SWEENY, WINGATE & BARROW, P.A.

Sydney B. Hatfield
Paralegal to Marshall C. Crane

SEB/seb
Enclosures

**Exhibit 3**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Irene Keller, | ) | Case No.: 2:24-cv-05884-DCN |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NOTICE OF DEPOSITION |
| | ) | OF PAUL WHITE, MD, LCP |
| Howard Anthony James and Penske Truck Leasing Co., | ) | |
| | ) | |
| Defendants. | ) | |

TO:   JAMES G. BIGGART, II, ESQUIRE, ATTORNEY FOR THE PLAINTIFF AND TO THE PLAINTIFF ABOVE-NAMED:

YOU WILL PLEASE TAKE NOTICE that the Defendant, pursuant to Rule 30 of the South Carolina Rules of Civil Procedure, will take the deposition of **Paul White, MD, LCP, at 2:00 PM, on November 3, 2025 via video conferencing,** upon oral examination before a Notary Public or some other officer authorized by law to administer oaths. The oral examination shall continue from time to time and day to day until completed, including any adjournments thereof. You are hereby notified, requested and required to produce said person for examination on oral deposition, and you are further invited to attend and participate.

Defendant requests that any additional witnesses other than the deponent be excluded and sequestered from this deposition. If you have any objection to this request please inform Defendant in writing within five (5) days of this Notice so Defendant may move for an Order from the Court excluding the witnesses. If Defendant does not receive a written objection within the time allotted, the lack of any written objection will be deemed to be the party's consent to Defendant's request.

**Exhibit 3**

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

_____
Mark S. Barrow
Marshall C. Crane
Aaron J. Hayes
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC 29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANTS**

Columbia, South Carolina

October 22, 2025

2

**Exhibit 3**

## CERTIFICATE OF SERVICE

I, the undersigned paralegal of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for Defendants, do hereby certify that I have served a copy of the foregoing Notice of Deposition of Paul White, MD, LCP in connection with the above-referenced case by mailing a copy of the same by United States Mail, postage prepaid, to the following address:

James G. Biggart, II, Esquire
Morgan & Morgan
4401 Belle Oaks Drive
Suite 300
North Charleston, SC 29405
***Attorney for Plaintiff***

/Sydney B. Hatfield
Sydney B. Hatfield

Columbia, South Carolina

October 22, 2025

3

**Exhibit 3**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| Irene Keller | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:24-cv-05884-DCN |
| Howard Anthony James and Penske Truck Leasing Co. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Paul White, MD, LCP c/o James G. Biggart, II, Esquire Morgan & Morgan 4401 Belle Oaks Drive, Suite 300, North Charleston, South Carolina 29405

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: via video conferencing | Date and Time: 11/03/2025 2:00 pm |
|---|---|

The deposition will be recorded by this method: Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Your entire expert file

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/22/2025

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Howard Anthony James and Penske Truck Leasing Co. , who issues or requests this subpoena, are:
Aaron J. Hayes, Esquire, Sweeny, Wingate & Barrow, P.A. 1515 Lady Street, Columbia, South Carolina 29201, (803) 256-2233, ajh@swblaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Exhibit 3

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:24-cv-05884-DCN

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows:
Paul White, MD, LCP c/o James G. Biggart, II, Esquire Morgan & Morgan 4401 Belle Oaks Drive, Suite 300 North Charleston, South Carolina 29405 via US Mail    on *(date)*  10/22/2025   ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:  10/22/2025

*Server's signature*

Sydney B. Hatfield Paralegal
*Printed name and title*

Sweeny, Wingate & Barrow, P.A.
1515 Lady Street
Columbia, South Carolina 29201
seb@swblaw.com
*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit 3

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).