# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| PLAINTIFF<br><br>IRENE KELLER,<br><br>-v-<br><br>DEFENDANTS<br><br>HOWARD ANTHONY JAMES and SE INDEPENDENT DELIVERY SERVICES, INC. | Case No.: 2:24-cv-05884-DCN<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE** |

Plaintiff Irene Keller, by and through her undersigned attorneys, provides the following response to Defendants' Motion to Strike:

## FACTUAL BACKGROUND

This case arises out of a tractor-trailer versus SUV collision on Interstate 26 in Dorchester County, South Carolina. The present dispute arises from expert discovery regarding Plaintiff's retained life care planning expert, Dr. Paul White ("Dr. White"). Plaintiff retained Dr. White to prepare a life care plan and opine regarding the future medical needs and reasonable costs of the same. Dr. White prepared a report and was properly disclosed ahead of the Plaintiff's Expert Deadline on August 18, 2025. Subsequently, Plaintiff has received additional medical treatment and recommendations from Plaintiff's treating doctors which are relevant to and may influence Dr. White's opinions. Thus, Plaintiff's counsel asked Dr. White to consider the new information available. Dr. White revealed to counsel for both parties that he completed his updated report and provided it to Plaintiff's counsel's paralegal at the beginning of the deposition. Upon Plaintiff's counsel receiving the report, Plaintiff's counsel immediately forwarded the report to Defendants' counsel, and the parties went off the record to review the report. Upon returning, Defendants'

counsel elected to terminate the deposition. Defendants' counsel did not ask any substantive questions regarding either report or any questions regarding what, if any, new opinions Dr. White formed. *See* Deposition of Paul White, M.D., Exhibit 1.

## **ARGUMENT**

Here, Plaintiff has not disclosed any previously unknown expert or previously undisclosed areas of opinion. Plaintiff's disclosure of Dr. White stated:

> "Dr. White was retained by Plaintiff to prepare a life care plan for Plaintiff's future medical needs and medical expenses resulting from the injuries sustained in the subject collision. Dr. White will offer opinions within a reasonable degree of medical probability on the Plaintiff's future medical needs and the reasonable costs of the same. Reports from this expert with the contents required by Fed. R. Civ. P. 26(a)(2)(B) were provided to Defendants and their counsel on August 18, 2025."

Plaintiff's 26(a)(2) Disclosures, Dkt. 18.

Fed. R. Civ. P. 26(e)(2) requires supplementation of an expert report. "Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.* Here, Dr. White's new report primarily reflects additional information received and considered in the form of medical records, additional input from Plaintiff, and additional input from Plaintiff's treating doctors. In this case, Plaintiff has continued to undergo medical treatment and recently had a surgical consultation with Dr. Battista, a previously disclosed treating physician, to explore treatment options for pain and symptomology in her cervical spine. Here, Dr. White was asked by Plaintiff's counsel to consider the recent updates in Plaintiff's treatment and to prepare a new report. While the information Dr. White considered changed, his cost projection did not change other than with the passage of time as some of Plaintiff's future projected care was completed. In fact, the total cost projected by Dr. White decreased, rather than increased.

The summary of Dr. White's original report reflects a Lifetime Total of $355,833.00:

**Exhibit 1**

### FUTURE CARE NEEDS AND COSTS

#### DIAGNOSTIC / LABORATORY

| Item / Service | Initiation | Frequency / Duration | Cost / Unit | Cost / Year | Cost / Lifetime | Cost Resource |
|---|---|---|---|---|---|---|
| Cervical MRI without contrast CPT: 72141 | Now | every 3 years / life | $ 2,000.00 | 1 x fee | $ 20,000.00 | LOWCOUNTRY ORTHO |
| Lumbar MRI without contrast CPT: 72148 | Now | every 3 years / life | $ 2,000.00 | 1 x fee | $ 20,000.00 | LOWCOUNTRY ORTHO |
| | | | | Total: | $ 40,000.00 | |

#### MEDICAL EVALUATIONS / VISITS

| Item / Service | Initiation | Frequency / Duration | Cost / Unit | Cost / Year | Cost / Lifetime | Vendor |
|---|---|---|---|---|---|---|
| Orthopedic Pain Evaluation CPT: 99214 | Now | every 4 months / life | $ 795.00 | $ 2,385.00 | $ 76,320.00 | LOWCOUNTRY ORTHO |
| Physical Therapy | Now | 12 x year / life | $ 85.00 | $ 1,020.00 | $ 32,640.00 | BM |
| | | | | Total: | $ 108,960.00 | |

#### PROCEDURES / SURGERY

| Item / Service | Initiation | Frequency / Duration | Cost / Unit | Cost / Year | Cost / Lifetime | Vendor |
|---|---|---|---|---|---|---|
| Cervical Epidural Steroid Injection CPT 62321 | Future | 1 x year / life | $ 1,594.00 | $ 1,594.00 | $51,008.00 | LOWCOUNTRY ORTHO |
| Lumbar Radiofrequency Ablation CPT: 64635/64636 | Now | 1 x year / life | $ 3,460.00 | $ 3,460.00 | $ 110,720.00 | LOWCOUNTRY ORTHO |
| Lumbar Laminectomy CPT: 63030 | Future | 2 level | $ 45,145.00 | 1 x fee | $ 45,145.00 | FAIR HEALTH |
| | | | | Total: | $ 206,873.00 | |
| | | | | Lifetime Total: | $ 355,833.00 | |

While the summary of Dr. White's new report reflects a total of $298,229.00:

**Exhibit 4**

### FUTURE CARE NEEDS AND COSTS

#### DIAGNOSTIC / LABORATORY

| Item / Service | Initiation | Frequency / Duration | Cost / Unit | Cost / Year | Cost / Lifetime | Cost Resource |
|---|---|---|---|---|---|---|
| Cervical MRI without contrast CPT: 72141 | Now | every 3 years / life | $ 2,000.00 | every 3 years | $ 18,000.00 | Lowcountry Orthopaedics |
| Lumbar MRI without contrast CPT: 72148 | Now | every 3 years / life | $ 2,000.00 | every 3 years | $ 18,000.00 | Lowcountry Orthopaedics |
| | | | | Total: | $ 36,000.00 | |

#### MEDICAL EVALUATIONS / VISITS

| Item / Service | Initiation | Frequency / Duration | Cost / Unit | Cost / Year | Cost / Lifetime | Vendor |
|---|---|---|---|---|---|---|
| Orthopedic Pain Evaluation CPT: 99214 | Now | every 4 months / life | $ 795.00 | $ 2,385.00 | $ 73,935.00 | Lowcountry Orthopaedics |
| Physical Therapy | Now | 12 x year / life | $ 85.00 | $ 1,020.00 | $ 31,620.00 | BenchMark PT |
| | | | | Total: | $ 105,555.00 | |

#### PROCEDURES / SURGERY

| Item / Service | Initiation | Frequency / Duration | Cost / Unit | Cost / Year | Cost / Lifetime | Vendor |
|---|---|---|---|---|---|---|
| Cervical Epidural Steroid Injection CPT 62321 | Now | 1 x year / life | $ 1,594.00 | $ 1,594.00 | $49,414.00 | Lowcountry Orthopaedics |
| Lumbar Radiofrequency Ablation CPT: 64635/64636 | Now | 1 x year / life | $ 3,460.00 | $ 3,460.00 | $ 107,260.00 | Lowcountry Orthopaedics |
| Possible C5-C6 ACDF | TBD | | | | | |
| Possible L4-L5 Laminectomy / Discectomy | TBD | | | | | |
| | | | | Total: | $ 156,674.00 | |
| | | | | Lifetime Total: | $ 298,229.00 | |

Dr. White's Original Life Care Plan, Dkt. 35-1; Dr. White's New Life Care Plan, Dkt. 35-4.

The only item which may be considered a new opinion is Dr. White's notation of a possible future C5-C6 ACDF and a possible L4-L5 Laminectomy / Discectomy. Dr. White has not provided new opinions regarding the cost of these possible future procedures but notes the results of learning new information from Plaintiff and Plaintiff's treating doctors in accordance with life care planning methodology. The course of Plaintiff's treatment did not make any updates necessary until after the expert deadline passed. Thus, any change in Dr. White's methodology was substantially justified by the change in the underlying facts upon which Dr. White was opining.

In *Carr v. Deeds,* the plaintiff failed to identify and properly disclose their expert witness by the discovery deadline. 453 F.3d 593, 602 (4th Cir. 2006). "Plaintiff, however, did not serve a Rule 26(a)(2)(B) disclosure for Dr. Cooper by the February 1 deadline, and in fact never filed the requisite disclosure." *Id.* Here, Plaintiff has identified and disclosed Dr. White in compliance with the expert deadline and has supplemented his new report well in advance of the discovery deadline in this case. The defendants in *Carr* made a similar supplementation after their expert deadline, which the court noted and did not take issue with. "Defendants served a Rule 26(a)(2)(B) disclosure in accordance with their March 1 deadline, attaching the curriculum vitae and list of testimony for their independent expert, Dr. David Fowler, and served a supplemental disclosure on March 30, which contained more detailed opinions of Dr. Fowler." *Id.*

Notwithstanding the above arguments, Plaintiff is aware of the inconvenience caused by Dr. White's disclosure of his new life care plan to both parties at the time of his deposition. Upon Defendants' counsels' decision to terminate Dr. White's deposition without asking any questions about the substance of either report, Dr. White agreed off the record to reconvene the deposition

at a convenient time for no additional cost. Since, Plaintiff has confirmed with Defendants' counsel that Dr. White will appear on a convenient date for Defendants to complete his deposition at no additional cost.

## **CONCLUSION**

Plaintiff's supplementation of Dr. White's new report was proper and was disclosed as soon as it was made available to Plaintiff's counsel. Dr. White stands ready to appear at deposition at no additional cost to Defendants.

**MORGAN & MORGAN, P.A.**

*/s/ Cooper Klaasmeyer*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 973- 5186
Fax: (843) 947- 6113
cooper.klaasmeyer@forthepeople.com
**Attorneys for the Plaintiff**

December 10, 2025
Charleston, South Carolina