## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

| | |
|---|---|
| Irene Keller | Civil Action No.: 2:24-CV-05884-DCN |
| Plaintiff, | |
| v. | **DEFENDANT SE INDEPENDENT DELIVERY SERVICES, INC.'S FIRST SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INTERROGATORIES** |
| Howard Anthony James and SE Independent Delivery Services, Inc. | |
| Defendants. | |

**TO:    JAMES G. BIGGART, II, ESQ., ATTORNEY FOR THE PLAINTIFF AND TO THE PLAINTIFF ABOVE-NAMED:**

Pursuant to Rule 33 of the <u>South Carolina Rules of Civil Procedure</u>, the following constitute the Defendant SE Independent Delivery Services, Inc.'s First Supplemental Answers to Interrogatories propounded by the Plaintiff.

These Answers are continuing in nature and additional information will be supplied as obtained.

### <u>SUPPLEMENTAL ANSWERS</u>

2.    Identify the following officers, directors, employees, and agents within your company at the time of the subject collision who were associated with the driver involved in the subject collision. For each, provide the name, address, and employer.

    a.  Any supervisor of the Defendant Driver;

    b.  The person(s) responsible for interviewing and hiring the Defendant Driver;

    c.  The person(s) who administered the driving test and any other training to the Defendant Driver;

d. The Safety Director;

e. Federal Safety Regulation Compliance Officer;

f. The dispatcher for the trip that resulted in the subject collision;

g. Medical Review Officer;

h. Risk Manager;

i. All mechanics who worked on the involved tractor and trailer in the 30 days preceding the subject collision;

j. Any person who responded to the scene of the subject collision;

k. Any person who communicated with Defendant Driver on the day of the subject collision; and

l. The person(s) responsible for administering the post-crash drug and alcohol test.

**ANSWER: Defendant SEIDS objects to this interrogatory on the grounds that it is disproportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably limited in scope. Subject to and aithout waiving the foregoing objections, at the time of the subject incident, Mr. James' safety manager was Randy Hazen and his operations manager was Andrew Brown (who is no longer with SEIDS).**

**<u>SUPPLEMENTAL</u>:**

**(a) Defendant James's supervisor was Andrew Brown (no longer with SEIDS);**

**(b) Defendant James was interviewed and hired by Andrew Brown (no longer with SEIDS);**

**(c) Andrew Brown (no longer with SEIDS);**

**(d) Safety Director is Matt Davis;**

**(e) not an existing position;**

**(f) Andrew Brown (no longer with SEIDS) provided routes and assignments to Defendant James;**

**(g) not an existing position;**

**(h) not an existing position;**

**(i) Defendant SEIDS reiterates the foregoing objection as to this subpart;**

**(j) none;**

**(k) Defendant SEIDS objects to this subpart as it is overly broad. Defendant SEIDS refers Plaintiff to Defendant James's deposition testimony for relevant communications with persons Defendant James communicated with on the day of the accident.**

**(l) no post-accident drug/alcohol test was performed.**

3.    Identify all policies of insurance, including bodily injury, property damage, excess, and umbrella coverages or bonds under the terms of which the person or company issuing such coverage may be required to satisfy all or part of any judgment in this action. For each policy of insurance, please state:

a.    The name of the insurer;

b.    the limits of liability contained in the terms of each policy;

c.    the legal names of every party to each agreement itself and any further or subordinate agreement which in any way relates to the terms of any such agreement; and

d.    the amount of any deductible or self-insured retention as per each such agreement.

**ANSWER: See SWB 0027–0037. Dec Page for Chubb ISA H25580473 policy with limits of $5,000,000 per accident. Defendant objects to further production and declaration**

of any additional or excess policies as that request is disproportionate to the needs of this case as outlined in Rule 26(a).

**SUPPLEMENTAL:** **Please see SWB 0134, a chart summary of Defendant's insurance tower, which will be produced upon Plaintiff counsel's agreement to the Confidentiality Order, which has been circulated to Plaintiff's counsel.**

5.      Do you, your attorneys, your insurance carriers, or anyone acting on your or their behalf have or know of any photographs, videos, maps, plats, drawings, diagrams, or other tangible or documentary evidence pertaining in any way to the subject collision, scene of the subject collision, or the condition of any vehicle (or any part thereof) involved in the subject collision, either before or after the subject collision? If so, please identify:

  a.  Each tangible item's specific subject matter;

  b.  the date it was made or taken;

  c.  the name and address of the person making or taking it;

  d.  what each item purports to show, illustrate, or represent.

**ANSWER: Defendant objects to this Interrogatory to the extent it seeks mental impressions and legal conclusions of counsel as well as information protected under the work-product doctrine. Subject to and without waiving said objections, see SWB 0001– 0063. See also expert disclosures and reports previously provided.**

**SUPPLEMENTAL:** **Please see Defendant SEIDS's Privilege Log served herewith. Please see also additional videos from the date of the incident, which is being produced as SWB 0434-0437.**

6.      If you contend that any person, firm, or entity caused or contributed to the injuries claimed by Plaintiff, identify by name, address, job title, and employer all such persons, firms, or entities and state the reasons for your contentions.

**ANSWER: Defendant objects to this Interrogatory to the extent it seeks mental impressions and legal conclusions of counsel. Additionally, discovery is ongoing and just beginning and Plaintiff has not completely specified her alleged damages sufficiently for Defendant to respond to this Interrogatory. Specifically, Defendant refers Plaintiff to the expert reports provided included discussion of pre-existing injuries.**

**<u>SUPPLEMENTAL</u>: Defendants contend that Ms. Keller's injuries are chronic and/or caused by a prior accident. Please see Defendants' expert reports which have been produced.**

11.      Please describe every electronic device on the tractor and trailer involved in the subject collision, including any electronic control module (ECM), satellite tracking system (*e.g.*, QUALCOMM, VORAD, DDEC), trip monitor, trip recorder, trip master, tachograph, video camera, dash cam, or any other device that records, transmits or preserves data or other information concerning the operation of the driver, tractor, and trailer. For each such device, please describe with specificity the data that was retrieved, recorded, transmitted, and preserved by you, identify the person and entity who downloaded the device, and state the present location and custodian of the data and device.

**ANSWER: ECM, Detroit Advance VRDU, Motive ELD.**

**<u>SUPPLEMENTAL</u>: Defendant SEIDS objects to this Interrogatory as it is overbroad and not limited in time. Subject to and without waiving, Defendant SEIDS is not aware of the full capabilities of the ECM, Detroit Advance VRDU, and Motive ELD**

systems and refers Plaintiff to the respective manufacturers' descriptions. The data captured to which Defendant SEIDS has access includes the forward-facing video previously produced, along with four new videos that are hereby produced (SWB 0434-0437), including a driver activated one. Additionally, Defendant SEIDS is producing GPS data that came from Motive ELD, which includes an entry demonstrating manual capture by Defendant James. *See* SWB 0135-0141, Howard James Performance Events. No Motive ELD collision event was captured due to the minor nature of the collision. Defendant SEIDS is also producing additional hours of service documents reflecting the time period between the day of the collision and Defendant James's most recent reset. *See* SWB 0415-0432.

14.     Please identify all alcohol and controlled substance tests you performed on Defendant Driver at any time before the subject collision, location the test was performed, results of each test, and the names of all persons, firms, or entities who have the results of the tests and appropriate chain of custody forms.

**ANSWER: Defendant SEIDS objects to this Interrogatory as it is not reasonably limited in time.**

**SUPPLEMENTAL: Defendant James submitted to a pre-employment drug test on 12/08/2022. *See* SWB 0474. Defendant James submitted to subsequent random drug tests on 04/10/2023, 05/10/2023, and 10/08/2024. *See* SWB 0475, SWB 0476, and SWB 0477.**

15.     Identify all safety manuals, policy and procedures manuals, and training manuals and materials pertaining to Defendant Driver's operation of the tractor-trailer/truck in use and effect on the date of the subject collision.

**ANSWER: Defendant SEIDS objects to this Interrogatory as it is not reasonably limited in time and scope and seeks confidential and/or proprietary information.**

**<u>SUPPLEMENTAL</u>: Please see the Safety Manual produced as SWB 0103-0133, which will be produced upon Plaintiff counsel's agreement to the Confidentiality Order, which has been circulated to Plaintiff's counsel. Defendant also provided a standard issue FMCSR book for the cab of the tractor.**

17.     Please identify your Driver's Record of Service log system and describe all steps you take to ensure the accuracy of the logs submitted by your drivers and your compliance with the Federal Motor Carrier Safety Regulations.

**ANSWER: Defendant objects as the interrogatory is overly broad seeking "all steps" and compliance with the FMCSR globally – many of those regulations are not material to the issues of this case. Additionally, Defendant objects as that request is disproportionate to the needs of this case as outlined in Rule 26(a). Subject to and without waiving said objection, the vehicle involved was equipped with a Motive electronic driver log (ELD) system.**

**<u>SUPPLEMENTAL</u>: Please see SWB 0415-0432, which reflects Defendant James's hours of service logs for the date of the accident and seven days prior.**

18.     Please describe in detail your drug and alcohol program, including, your pre-hire, random, reasonable suspicion, and post-accident testing procedures, and describe all steps you take to ensure compliance with the Federal Motor Carrier Safety Regulations.

**ANSWER: Defendant objects as the interrogatory is overly broad seeking "all steps" and compliance with the FMCSR globally – many of those regulations are not**

material to the issues of this case. Additionally, Defendant objects as that request is disproportionate to the needs of this case as outlined in Rule 26(a).

**SUPPLEMENTAL**: Please see SWB 0492-0494, Defendant's Drug Free Workplace Policy, which will be produced upon Plaintiff counsel's agreement to the Confidentiality Order, which has been circulated to Plaintiff's counsel.

19.     Please describe in detail all training you provided to Defendant Driver before the subject collision, and generally the initial and continuing training requirements for your drivers that were in effect on the date of the present collision.

**ANSWER: Defendant SEIDS objects to this interrogatory as it is not reasonably limited in scope or time and is disproportionate to the needs of this case.**

**SUPPLEMENTAL: Please see SWB 0438, which is a summary sheet of the training provided to Defendant James.**

21.     Please describe how Defendant Driver, his/her dispatcher, and his/her terminal manager were compensated at the time of the subject collision, including any bonus based on driver performance regarding profits, miles driven, number of loads delivered, on-time deliveries, etc., or other productivity indices.

**ANSWER: Defendant objects to this Interrogatory as it is ambiguous, overly broad, and disproportionate to the needs of this case and not reasonably calculated to lead to the discovery of admissible evidence.**

**SUPPLEMENTAL: *See* Payroll Information, which is being produced as SWB 0470-0473. Also, Defendant SEIDS objects to producing compensation details of other employees, as that portion of this Interrogatory is not reasonably calculated to lead to the**

**discovery of admissible evidence and inquires into the private matters of persons unrelated to this case.**

21.    Describe how your dispatcher issues dispatching instructions: (1) generally to your drivers daily, and (2) specifically to the Defendant Driver for the route involved in the subject collision.

**ANSWER: Defendant objects to this Interrogatory as it is ambiguous, overly broad, and disproportionate to the needs of this case and not reasonably calculated to lead to the discovery of admissible evidence.**

**<u>SUPPLEMENTAL</u>: Please see Defendant SEIDS's response to Interrogatory No. 2. Defendant James received routes from his supervisor, Andrew Brown, who is no longer with Defendant SEIDS.**

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

<u>s/ Aaron J. Hayes</u>
Mark S. Barrow
Aaron J. Hayes
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANTS**

Columbia, South Carolina

January 8, 2026

## CERTIFICATE OF SERVICE

I, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for Defendant, Howard Anthony James, do hereby certify that I have served a copy of the foregoing First Supplemental Answers to Plaintiff's Interrogatories in connection with the above-referenced case by emailing and mailing a copy of the same by United States Mail, postage prepaid, to the following address:

James G. Biggart, II, Esq.
Morgan & Morgan
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Attorney for Plaintiff

Tiffany N. Nelson
Tiffany N. Nelson

Columbia, South Carolina

January 8, 2026

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **Irene Keller** | ) | **Civil Action No.: 2:24-CV-05884-DCN** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **DEFENDANT SE INDEPENDENT** |
| v. | ) | **DELIVERY SERVICES, INC.'S FIRST** |
| | ) | **SUPPLEMENTAL RESPONSES TO** |
| **Howard Anthony James and SE** | ) | **PLAINTIFF'S REQUESTS FOR** |
| **Independent Delivery Services, Inc.** | ) | **PRODUCTION** |
| | ) | |
| **Defendants.** | ) | |

**TO:    JAMES G. BIGGART, II, ESQ., ATTORNEY FOR THE PLAINTIFF AND TO THE PLAINTIFF ABOVE-NAMED:**

Pursuant to Rule 34 of the <u>South Carolina Rules of Civil Procedure</u>, the following constitute Defendant SE Independent Delivery Services, Inc.'s First Supplemental Responses to Requests for Production propounded by Plaintiff.

These responses are continuing in nature and additional information will be supplied as obtained.

<u>**SUPPLEMENTAL RESPONSES**</u>

2.    All photos taken by any person in your possession or control pertaining to the subject collision, crash scene, vehicles involved, and persons involved. Photos shall be produced in their original, full-size format.

**RESPONSE: Defendant SEIDS objects to this request to the extent that it seeks information protected by SCRCP 26(b)(3) and attorney-client privilege and work product protections. Subject to said objections, please see all documents produced herewith:**

1. **SWB 0001-0001 - Photo of Keller's Tire**

2. **SWB 0002-0002 - Truck Driver's Side**

3. **SWB 0003-0003 - Truck Passenger's Side**

4. **SWB 0004-0004 - Truck Passenger's Side Rear View**

5. **SWB 0005-0005 - Container Chassis Rear Wheels**

6. **SWB 0006-0006 - Container Chassis Rear Wheels 2**

7. **SWB 0007-0007 - Container Chassis Front Wheels**

8. **SWB 0008-0008 - Truck Driver's Side Rear View**

9. **SWB 0009-0009 - Truck Driver's Side 2**

10. **SWB 0010-0013 – Additional James Photos**

**SUPPLEMENTAL:**

11. **SWB 0439-0461 – Marshall Investigative Internet Presence Report Keller, Irene 10-09-2025**

12. **SWB 0462-0468 – Marshall Investigative Confidential Surveillance Report**

13. **SWB 0469 – Marshall Investigative Request**

3.     All videos taken by any person in your possession or control pertaining to the subject collision, crash scene, vehicles involved, and persons involved. Videos should be produced in their original, full-size format.

**RESPONSE: Please see dash cam footage provided herewith:**

1. **SWB 0014-0014 –James Forward Facing Video**

**SUPPLEMENTAL:**

2. **SWB 0434 – Front Facing Video 2**

3. **SWB 0435 – Front Facing Video 3**

4. **SWB 0436 – Front Facing Video 4**

5. **SWB 0437 – Front Facing Video 5**

6. **SWB 0462-0468 – Marshall Investigative Confidential Surveillance Report (see embedded video footage)**

5.     A complete copy of all forward and rear-facing videos recorded by any electronic device onboard the tractor and trailer involved in the subject collision, e.g., Real Time Fleet Dash Cam or similar equipment. The video shall be unedited and in original, full-size format and contain all footage recorded by the electronic device(s) before and after the subject collision.

**RESPONSE: Please see response to Request No. 3 above.**

7. <u>**SUPPLEMENTAL**</u>**: Please *see* SWB 0434 – Front Facing Video 2, SWB 0435 – Front Facing Video 3, SWB 0436 – Front Facing Video 4, SWB 0437 – Front Facing Video 5.**

10.     Any documents pertaining to a post-crash preventability analysis and determination conducted by you or any agent on your behalf following the subject collision.

**RESPONSE: Defendant SEIDS objects to this request to the extent that it seeks information and materials subject to and protected by the attorney-client privilege and/or work-product doctrine.**

<u>**SUPPLEMENTAL**</u>**: Please see SWB 0433, which is the incident register for this incident.**

13.     All correspondence, emails, reports, forms, letters, or other documents between you and any insurance carrier to provide notice of the subject collision, property damage claims, or any other claims arising from the subject collision.

**RESPONSE: Defendant SEIDS objects to this request as it seeks information protected by SCRCP 26(b)(3) and attorney–client privilege and work product protections.**

Any emails regarding the subsequent investigation are covered by this codified work product protection.

**SUPPLEMENTAL: Please see Defendant SEIDS's Privilege Log.**

14.     All documents pertaining to the load being carried at the time of the subject collision or the documents pertaining to the last load preceding the subject collision, including but not limited to bills of lading, contracts, toll receipts, broker documents, and driver receipts for food, drink, lodging and fuel.

**RESPONSE: Defendant objects to this Request as it is not reasonably calculated to lead to the discovery of admissible material.**

**SUPPLEMENTAL: Defendant James was unloaded at the time of the collision and was on his first run of the day, intending to pick up a loaded container and transport it to Dunn, North Carolina. Please see SWB 0485, Correspondence Indicating Empty Trailer.**

15. A *complete* copy of Defendant Driver's qualification file, including but not limited to:

   a. Application for employment;

   b. Copy of CDL license;

   c. Driver's certification of prior motor vehicle accidents;

   d. Driver's certification of prior violations of motor vehicle laws;

   e. Driver's prior employment history;

   f. Carrier's inquiry into Defendant Driver's driving record;

   g. Carrier's inquiry into Defendant Driver's employment record;

   h. Documents regarding the carrier's annual review of Defendant Driver's driving record;

i.  Any federal, state or local agency's response to the carrier's annual inquiry concerning Defendant Driver's driving record;

j.  Certification of Defendant Driver's road test;

k.  All Medical examiners' certificate;

l.  All documents pertaining to the denial, revocation, or suspension of Defendant Driver's license, permit or privilege to operate a motor vehicle;

m.  Defendant Driver's training certificates and training documents;

n.  Defendant Driver's drug testing records and results, including pre-employment, random and post-accident tests; and

o.  Any other documents pertaining to Defendant Driver required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.51.

**RESPONSE: Defendant objects to this Request to the extent that it exceeds the Department of Transportation's required DQ file materials. Subject to said objections, see DQ file, SWB 0063-0100.**

**SUPPLEMENTAL:**

**(a) provided;**

**(b) provided;**

**(c) provided;**

**(d) provided;**

**(e) provided;**

**(f) provided;**

**(g) provided;**

**(h) please see the six MVR records produced herewith as SWB 0478-0480, SWB 0481-0482, SWB 0483-0484, SWB 0486-0487, SWB 0488-0489, and SWB 0490-0491;**

**(i) please see the six MVR records produced herewith as SWB 0478-0480, SWB 0481-0482, SWB 0483-0484, SWB 0486-0487, SWB 0488-0489, and SWB 0490-0491;**

**(j) provided;**

**(k) provided;**

**(l) none, as stated in Defendant James's deposition;**

**(m) provided;**

**(n) please see SWB 0474 (pre-employment 12/08/2022), SWB 0475 (random 04/10/2023), SWB 0476 (random 05/10/2023), and SWB 0477 (random 02/05/2024);**

**(o) please see Defendants DQ file, which has already been produced and supplemental documents produced herewith.**

16.    Copies of all annual reviews, including MVR's, reflecting Defendant Driver's past driving record.

**RESPONSE: See DQ file, SWB 0063-0100.**

**<u>SUPPLEMENTAL</u>: Please see the six additional MVR records produced herewith as:**

1.  **SWB 0478-0480 (12/13/2022);**

2.  **SWB 0481-0482 (02/03/2023);**

3.  **SWB 0483-0484 (02/05/2024);**

4.  **SWB 0486-0487 (09/10/2025);**

5.  **SWB 0488-0489 (10/07/2024); and**

6.  **SWB 0490-0491 (01/14/2025).**

19.     Electronic or physical logs and records showing Defendant Driver's hours of service, *e.g.*, "Driver's Daily Logs," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs," or records of on-duty time if the driver is not required to keep logs, for the day of the subject collision and six months before the subject collision.

**RESPONSE: Defendant SEIDS objects to this request as it is not reasonably limited in time. Subject to and without waiving said objection, see SWB 101 – 102.**

**<u>SUPPLEMENTAL</u>: Please see SWB 0415-0432. These logs represent the period of time from Defendant James's last reset to the date of the incident.**

20.     All documents showing the results of all drug and alcohol tests administered to Defendant Driver from the beginning of his employment to the current date.

**RESPONSE: Defendant SEIDS objects to this request as it is not reasonably limited in time and not reasonably calculated to lead to the discovery of admissible evidence.**

**<u>SUPPLEMENTAL</u>: Please see:**

**1.  SWB 0475 (random 04/10/2023);**

**2.  SWB 0476 (random 05/10/2023);**

**3.  SWB 0477 (random 02/05/2024); and**

**4.  SWB 0495 (list of drug tests for Defendant James).**

21.     All documents showing the results of any random, "reasonable cause," pre-employment, biennial, and post-accident drug and alcohol test performed on Defendant Driver, including the records required by the FMCSR Subpart-D, §382.401 (b) (1) (retention of all positive results for the past five years) and §382.401 (b) (3) (Records of negative and canceled controlled substance test results and alcohol test results.)

**RESPONSE: Defendant SEIDS objects to this request as it is not reasonably limited in time.**

**<u>SUPPLEMENTAL</u>: Please see:**

1. **SWB 0474 (pre-employment 12/08/2022);**

2. **SWB 0475 (random 04/10/2023);**

3. **SWB 0476 (random 05/10/2023);**

4. **SWB 0477 (random 02/05/2024); and**

5. **SWB 0495 (list of drug tests for Defendant James).**

23. All call-in reports or "accident call records" related to the subject collision.

**RESPONSE: Defendant objects to this Request as it is vague and ambiguous. Additionally, it appears to seek materials that are protected by FRCP 26(b)(3) and attorney-client privilege and work product protections.**

**<u>SUPPLEMENTAL</u>: Please see SWB 0414, which is the Accident Notification form for this incident.**

24. Your complete accident file for this collision.

**RESPONSE: Defendant objects to this Request as it is vague and ambiguous. Additionally, it appears to seek materials that are protected by FRCP 26(b)(3) and attorney-client privilege and work product protections.**

**<u>SUPPLEMENTAL</u>: Defendant SEIDS stands on its objection that this Request is vague and ambiguous. Please see the documents produced in Defendant SEIDS's first document production and the documents produced with its First Supplemental Responses to Plaintiff's Requests for Production to the extent they are responsive. Additionally, to the**

extent this Request seeks materials protected by FRCP 26(b)(3), the attorney-client privilege, and/or the work product doctrine, please see Defendant SEIDS's Privilege Log.

25.     The original raw data and copies of all printouts from any on-board recording device, computer, or other system. including printouts for engine computer data, Qualcomm data, Qualcomm messages and "breadcrumb reports," trip recorder, trip master, electronic control module (ECM) or any device known by any other name that records information concerning the operation of the truck for the 30 days before the subject collision through and including 10 days after the subject collision. This includes but is not limited to the DDEC, Cat-ET, PowerSpec, VCADS, or other similar reports showing the hard brake data, vehicle speed, engine RPM, brake status, and clutch status.

**RESPONSE: Defendant SEIDS objects to this request as it is not reasonably limited in time. Subject to and without waiving said objection, see SWB 101 – 102.**

**<u>SUPPLEMENTAL</u>: Defendant SEIDS objects to this Request as it is overbroad and not limited in time. Subject to and without waiving, Defendant SEIDS is not aware of the full capabilities of the ECM, Detroit Advance VRDU, and Motive ELD systems and refers Plaintiff to the respective manufacturers' descriptions. The data captured to which Defendant SEIDS has access includes the forward-facing video previously produced, along with four new videos that are hereby produced (SWB 0434-0437), including a driver activated one. Additionally, Defendant SEIDS is producing GPS data that came from Motive ELD, which includes an entry demonstrating manual capture by Defendant James. *See* SWB 0135-0141, Howard James Performance Events. No Motive ELD collision event was captured due to the minor nature of the collision. Defendant SEIDS is also producing**

additional hours of service documents reflecting the time period between the day of the collision and Defendant James's most recent reset. *See* SWB 0415-0432.

26.    All GPS reports pertaining to Defendant Driver for the 30 days before, and including the day of, the subject collision.

**RESPONSE: Defendant SEIDS objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.**

<u>**SUPPLEMENTAL**</u>**: Please see SWB 0142-0413, which is GPS location data for the month of February 2024.**

27.    Copies of all electronic messages sent by you to Defendant Driver for the 30 days before, and including the day of, the subject collision.

**RESPONSE: Defendant SEIDS objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.**

<u>**SUPPLEMENTAL**</u>**: Defendant SEIDS stands on the foregoing objection. Additionally, Defendant SEIDS objects to this Request on the ground that it is overly broad and not reasonably related in time or to the subject collision. Subject to these objections, Defendant SEIDS is not aware of any such communications regarding the collision other than text message statement that has already been produced as SWB 0015.**

28.    Copies of all electronic messages sent by Defendant Driver to you for the 30 days before, and including the day of, the subject collision.

**RESPONSE: Defendant SEIDS objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.**

<u>**SUPPLEMENTAL**</u>**: Defendant SEIDS stands on the foregoing objection. Additionally, Defendant SEIDS objects to this Request on the ground that it is overly broad**

**and not reasonably related in time or to the subject collision. Subject to these objections, Defendant SEIDS is not aware of any such communications regarding the collision other than text message statement that has already been produced as SWB 0015.**

34.     All fuel receipts, toll receipts, fuel card/credit card reports, food receipts, checks, drafts, daily trip reports, payroll records, payroll worksheets, and all other driving reports pertaining to Defendant Driver for the six months before the subject collision and 30 days after the collision.

**RESPONSE: Defendant SEIDS objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.**

<u>**SUPPLEMENTAL**</u>**: Please see SWB 0470-0473, Payroll Information for Defendant James.**

36.     All correspondence, claim forms, emails or other documents received by you or your insurance carrier from the owner of the goods being transported at the time of the subject collision.

**RESPONSE: Defendant SEIDS objects to this request as it requests information and materials protected by the attorney-client privilege and/or work-product doctrine.**

<u>**SUPPLEMENTAL**</u>**: Defendant SEIDS withdraws its prior objection to this Request and notes that the trailer for the vehicle Defendant James was driving at the time of the accident was empty. Please see SWB 0485, Correspondence Indicating Empty Trailer.**

37.     All documents pertaining to any brokers involved in the load being transported at the time of the subject collision.

**RESPONSE: Defendant SEIDS objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.**

**SUPPLEMENTAL: This Request is inapplicable. The trailer for the vehicle Defendant James was driving at the time of the accident was empty. Please see SWB 0485, Correspondence Indicating Empty Trailer.**

45.     All written Safety Program, Maintenance Program, and Personnel Manuals for your employees, as well as any literature, memoranda, newsletters, or any other related materials or documents that was or may have been given to your drivers regarding hours of service, company policies, D.O.T. regulations, drug testing & alcohol training.

**RESPONSE: Defendant SEIDS objects to this request as it is not reasonably limited in time and scope.**

**SUPPLEMENTAL: Subject to Defendant SEIDS's objection, please see SWB 0103-0133, which will be produced upon Plaintiff counsel's agreement to the Confidentiality Order, which has been circulated to Plaintiff's counsel.**

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Aaron J. Hayes
Mark S. Barrow
Aaron J. Hayes
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANTS**

Columbia, South Carolina

January 8, 2026

## CERTIFICATE OF SERVICE

I, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for Defendant, Howard Anthony James, do hereby certify that I have served a copy of the foregoing First Supplemental Responses to Plaintiff's Requests for Production in connection with the above-referenced case by emailing and mailing a copy of the same by United States Mail, postage prepaid, to the following address:

    James G. Biggart, II, Esq.
    Morgan & Morgan
    4401 Belle Oaks Drive, Suite 300
    North Charleston, SC 29405
    Attorney for Plaintiff

                                  _____
                                    Tiffany N. Nelson

Columbia, South Carolina

January 8, 2026

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Irene Keller,             ) | Civil Action No.: 2:24-CV-05884-DCN |
| ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.          ) | |
| ) | **DEFENDANTS' PRIVILEGE LOG** |
| Howard Anthony James and SE ) | |
| Independent Delivery Services, Inc., ) | |
| ) | |
| Defendants. ) | |

Pursuant to Rule 26(b)(5)(a) of the *Federal Rules of Civil Procedure*, the following constitutes Defendants' Privilege Log in response to the Requests for Production propounded by Plaintiff.

This Privilege Log is continuing in nature and additional information will be supplied as obtained.

| <u>Item</u> | <u>Privilege</u> |
|---|---|
| Correspondence related to and results of North Carolina Criminal Record Check – Howard James | <ul><li>Work product of attorney during pendency of suit</li><li>Trial preparation materials rule (Rule 26(b)(3)(A), FRCP)</li><li>In the alternative, inadmissible and not likely to lead to discovery of admissible evidence and therefore outside the scope of discovery</li></ul> |
| Correspondence related to and results of Motor Vehicle Records Check – Irene Keller | <ul><li>Work product of attorney during pendency of suit</li><li>Trial preparation materials rule (Rule 26(b)(3)(A), FRCP)</li><li>In the alternative, inadmissible and not likely to lead to discovery of admissible evidence and therefore outside the</li></ul> |

| | |
|---|---|
| | scope of discovery |
| Westlaw PeopleMap Reports – Howard James and Irene Keller | • Work product of attorney during pendency of suit<br>• Trial preparation materials rule (Rule 26(b)(3)(A), FRCP)<br>• In the alternative, inadmissible and not likely to lead to discovery of admissible evidence and therefore outside the scope of discovery |
| Claim File Notes, GB Claim No. 009955-000085-AB-01, containing:<br>• 22 pgs.<br>• Adjusters' notes to file from 4/24/24 through 10/30/24<br>• Counsel retained: 4/22/24<br>• Suit filed: 10/15/24 | • Work product prepared in anticipation of litigation<br>• Trial preparation materials rule (Rule 26(b)(3)(A), FRCP)<br>• Contains the thoughts, mental impressions, reserve information, and legal strategies of a party or a party's agent<br>• Contains attorney-client communications<br>• In the alternative, inadmissible and not likely to lead to discovery of admissible evidence and therefore outside the scope of discovery |
| Claim File Attachments for GB Claim No. 009955-000085-AB-01, containing:<br>• Table of contents (2 pgs.)<br>• Acord Auto Loss Notice (1 pg.) (4/19/24)<br>• H. James text statement (produced)<br>• M&M fax cover page and letter of representation including FR-10, file copy (4 pgs.) (3/27/24)<br>• Picture, step of tractor (produced)<br>• GB Claim Report Form filled out by SEIDS (4 pgs.) (u/i/b, April 2024)<br>• "First Report All Answers" Form filled out by SEIDS (2 pgs.) (4/19/24)<br>• 3 pictures, 2 of Mercedes and 1 of tractor (produced)<br>• Claim declination letter to M&M (1 pg.) (4/18/24)<br>• FR-10 (1 pg.) | • Same privilege claims as above.<br>• Note: the evidentiary materials in the claim file attachments have been produced, as noted at left. |

- Correspondence, GB to ACE American re: tender from Penske to ACE American, with supporting attachments (8 pgs.) (4/18/24)
- Emails between SEIDS and GB re: setting up claim (2 pgs. + 4 pgs. of attachments) (4/29/24)
- Invoices, Legal Bills and Legal Expenses, and Payments issued (10 pgs.)
- Invoice, NIC to SWB (search – Irene Keller) (GB file copy) (1 pg.)
- Invoice, SCDPS to SWB (FOIA request) (7/25/24) (GB file copy) (1 pg.)
- Completed FOIA request form to SCDPS (7/8/24) (completed by counsel) (GB file copy) (2 pgs.)
- Additional legal fee payment (1pg.)
- Rental Agreement and Supporting Documentation, rental of subject tractor from Penske by SEIDS (5 pgs.) (produced)
- Complaint, file copy (7 pgs.)
- Correspondence, GB to ACE American, re: tender of defense by Penske to SEIDS (2 pgs.) (4/18/24)

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Aaron J. Hayes
Mark S. Barrow
Aaron J. Hayes
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANTS**

Columbia, South Carolina

January 8, 2026

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for Defendant, Howard Anthony James, do hereby certify that I have served a copy of the foregoing Defendants' Privilege Log in connection with the above-referenced case by emailing and mailing a copy of the same by United States Mail, postage prepaid, to the following address:

James G. Biggart, II, Esq.
Morgan & Morgan
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Attorney for Plaintiff


_Tiffany N. Nelson_
Tiffany N. Nelson

Columbia, South Carolina

January 8, 2026