# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| **Irene Keller,** | ) | Civil Action No.: 2:24-CV-05884-DCN |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' MOTION FOR PARTIAL** |
| | ) | **SUMMARY JUDGMENT AS TO** |
| **Howard Anthony James and SE** | ) | **PLAINTIFF'S LOST WAGES CLAIM AND** |
| **Independent Delivery Services, Inc.** | ) | **REDUCED EARNING CAPACITY CLAIM** |
| | ) | |
| **Defendants.** | ) | |

**TO:** JAMES G. BIGGART, II, ESQ., JONATHAN GRAHAM, ESQ., AND COOPER KLAASMEYER, ESQ., ATTORNEYS FOR THE PLAINTIFF, AND TO THE PLAINTIFF ABOVE-NAMED:

**COME NOW** the Defendants Howard Anthony James and SE Independent Delivery Services, Inc. (hereinafter "SEIDS"), to move for an Order granting summary judgment as to Plaintiff's claim for lost wages and her claim of reduced earning capacity. This Motion is made under Fed. R. Civ. P. 56 on the grounds contained in the memorandum of law below. In accordance with Local Civ. Rule 7.04 (D.S.C.), a separate memorandum is not included because a full explanation of the motion is contained within.

## NATURE OF THE CASE

This case arises from a 2024 automobile collision. Defendant Howard Anthony James was driving a tractor-trailer when he began changing lanes. The stair-step of the tractor grazed the wheel of Plaintiff's Mercedes SUV traveling in the same direction as Mr. James, and Mr. James returned to his lane. The forward-facing camera depicts the minimal interaction, and experts have calculated the force as less than that required of activities of daily living. The catalyst for this case is depicted below:



**FACTS BEARING ON THE MOTION**

On February 16, 2024, both Plaintiff and Defendant Howard Anthony James were traveling eastbound on Interstate 26 near the town of Harleyville, South Carolina, which is located in Dorchester County. (*See* Am. Compl. ¶¶ 9–10 [Entry No. 21].) Plaintiff was driving a Mercedes-Benz GLE sports utility vehicle, as depicted above. (*See* Irene Keller Dep. 40:11–18 [excerpts attached hereto as **Exhibit A**].) Defendant James was driving a 2024 Freightliner Cascadia bearing the SEIDS logo. (*See* Am. Compl. ¶ 9 [Entry No. 21].) Plaintiff alleges that Defendant James, while acting within the course and scope of his employment with Defendant SEIDS, and "[w]hile attempting to change lanes, . . . crashed the truck he was driving into the passenger side of Plaintiff's vehicle." (*See* Am. Compl. ¶¶ 5, 11 [Entry No. 21].) Defendants have denied liability. (*See* Ans. to Am. Compl. ¶¶ 14–17 [Entry No. 23].)

Plaintiff has pled entitlement to damages for personal injuries related to the accident—i.e., a scratched wheel—depicted above. (*See* Am. Compl. ¶¶ 20, 27 [Entry No. 21].) Plaintiff

also alleges that she is entitled to damages for "[l]ost income and reduced earning capacity." (*See* Am. Compl. ¶¶ 19, 26 [Entry No. 21].)

As explained more fully below, Plaintiff's evidence does not support either a lost wages claim or reduced earning capacity claim. Regarding lost wages, the evidence shows that Plaintiff's income *increased* after the 2024 accident. Regarding reduced earning capacity, Plaintiff has failed to offer any medical testimony demonstrating that she is prohibited from working, nor has she offered any vocational rehabilitation expert testimony tending to show a departure from pre-2024 levels of functioning. Therefore, Plaintiff's claims for lost wages and reduced earning capacity are mere speculation, and do not warrant the services of a fact finder.

## LEGAL STANDARD

Summary judgment is a procedural device and, as a result, the federal summary judgment standard applies in diversity cases. *See Gen. Acc. Fire & Life Assur. Corp. v. Akzona, Inc.*, 622 F.2s 90, 93 (4th Cir. 1980). "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). "An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020). "Once the movant has made this threshold demonstration, the nonmoving party, to survive the motion for summary judgment, must

demonstrate specific, material facts that give rise to a genuine issue." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021).

While a court ruling on a motion for summary judgment must view the evidence in the light most favorable to the non-moving party, the non-moving party may not oppose a motion for summary judgment with mere allegations or denials contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). Rather, the non-moving party must "set forth specific facts" demonstrating a genuine issue for trial. *Anderson*, 477 U.S. at 248. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995). In short, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

In a diversity case, "[f]ederal law determines whether the evidence is sufficient to carry the issue . . . to the jury." *McKinley v. Rawls*, 333 F.2d 198, 199 (4th Cir. 1964). However, "while the question of whether evidence is sufficient to survive summary judgment is generally a matter of federal procedural law, 'the "expert testimony" rule' may be 'so closely interrelated with the substantive cause of action . . . that federal courts sitting in diversity cases should apply the state rule in order to fully realize state substantive policy." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litg.*, 227 F. Supp. 3d 452, 468 (D.S.C. 2017) (quoting *Hemingway v. Ochsner Clinic*, 722 F.2d 1220, 1225 (5th Cir. 1984)).

"Under South Carolina law, a plaintiff in a negligence action has the burden of proving that the injury was caused by the actionable conduct of the particular defendant." *Goewey v. United States*, 886 F. Supp. 1268, 1279 (D.S.C. 1995), *aff'd sub nom. Goewey by Goewey v. United States*, 106 F.3d 390 (4th Cir. 1997) (citing *Ryan v. Eli Lilly & Co.*, 514 F. Supp. 1004 (D.S.C. 1981)). Similarly, a plaintiff in a negligence action must prove that they actually suffered the injury they allege. *See Anderson v. Campbell Tile Co.*, 202 S.C. 54, 24 S.E.2d 104, 109 (1943) (noting, in a case examining expert medical testimony, that in addition to proximate cause, "the burden was upon the claimant to show the fact of the injury by competent testimony.").

"While the specific language used by courts vary to some degree, all jurisdictions require expert testimony at least where the issues are medically complex and outside common knowledge and lay experience." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab, Litig.* 226 F. Supp. 3d 557, 569–70 (D.S.C. 2017), *aff'd sub nom. In re Lipitor (Atorvastatin Calcuim) Mktg., Sales Pracs. & Prod. Liab. Litig. (No II) MDL 2502*, 892 F.3d 624 (4th Cir. 2018) (collecting over one hundred cases, including *Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 153, 747 S.E.2d 468, 481 (2013)) ("The general rule in South Carolina is that where a subject is beyond the common knowledge of the jury, expert testimony is required."). In such medically complex situations, "[a] jury's finding of causation in the absence of any expert testimony would be based on impermissible speculation or conjecture." *In re Lipitor*, 226 F. Supp. 3d at 579. "Under South Carolina law, in a tort case 'where a medical causation issue is not one within the common knowledge of the layman,' the plaintiff must present 'medical expert testimony' in order to establish causation." *Jones v. Am. Cynamid Co.*, 139 F.3d 890 (4th Cir.

5

1998). *See, e.g., Goewey v. United States*, 886 F. Supp. 1268, 1279 (D.S.C. 1995), *aff'd sub nom. Goewey by Goewey v. United States*, 106 F.3d 390 (4th Cir. 1997).

Expert testimony is thus "rather obviously indispensable to recovery" where "[w]ithout additional proof by way of medical opinion . . . the jury [would be] left to surmise and conjecture." *Gambrell v. Burleson*, 252 S.C. 98, 107, 165 S.E.2d 622, 626 (1969). By logical extension, this standard applies to a plaintiff's burden to prove the actual injury complained of as well as its proximate cause. *See Campbell Tile Co.*, 202 S.C. 54, 24 S.E.2d at 109 (noting in a case examining expert medical testimony that in addition to proximate cause, "the burden was upon the claimant to show the fact of the injury by competent testimony.").

## **ARGUMENT**

**I.     Plaintiff has not put forth any evidence showing that she lost any wages due to the 2024 accident. In fact, her salary increased after the 2024 accident.**

"It is apodictic that a plaintiff may only recover for injuries proximately caused by the defendant's negligence." *Hurd v. Williamsburg Cnty.*, 353 S.C. 596, 611, 579 S.E.2d 136, 144 (Ct. App. 2003). "A negligent act or omission is a proximate cause of injury if, in a natural and continuous sequence of events, it produces the injury, and without it, the injury would not have occurred." *Id.* at 612, 579 S.E.2d at 144.

Despite the allegations of her Amended Complaint, Plaintiff testified that she was a salaried employee at Mercedes-Benz at the time of the accident. (*See* Ex A., Irene Keller Dep. 147:7–11.) Additionally, Plaintiff testified that after the accident, her job position changed laterally, a move which she described as a positive move. (*See id.*, at 29:1–19.) She also testified that since the 2024 accident, her salary increased. (*See id*, at 29:20–30.) Nevertheless, Plaintiff seeks recovery for alleged lost wages.

A plaintiff in a negligence action must prove that she actually suffered the injury she alleges. *See Anderson v. Campbell Tile Co.*, 202 S.C. 54, 24 S.E.2d 104, 109 (1943). Plaintiff has not put forth any evidence that she has lost any wages due to the 2024 accident. Therefore, there is no need for the services of a factfinder as to Plaintiff's lost wages claim. Defendants therefore respectfully request that the Court grant summary judgment in their favor as to Plaintiff's lost wages claim.

II. **Plaintiff has also not put forth any evidence, much less expert testimony, that she has a reduced earning capacity due to the 2024 accident.**

Plaintiff alleges in her Amended Complaint that she is entitled to damages for "reduced earning capacity," which she attributes to the 2024 collision that is the subject of this action. (*See* Entry No. 21, at ¶¶ 19 and 26.) At her deposition, Plaintiff claimed a connection between the 2024 accident and her alleged inability to work. For instance, as of the date of her deposition—July 10, 2025—Plaintiff expressed that though she was then-currently on long-term disability, she desired to return to work but believed returning to work was not possible in her then-current state. (*See* Ex. A, Irene Keller Dep. 188:19–189:1.) Plaintiff also testified that due to her then-long-term disability, "[her] job is not protected anymore," meaning that "[her] company can terminate [her]; they can terminate [her] employment." (*See id.*, at 194:15–22.) Even assuming Plaintiff's employment with Mercedes-Benz has been terminated, Plaintiff has not shown a causal connection between the 2024 accident and alleged lost earning capacity.

This is a *Celotex*-style 'no evidence' motion for summary judgment on the issue of reduced earning capacity. In her deposition, Plaintiff testified that she is a marriage and chassis slat manager in the production assembly at Mercedes-Benz. (*See* Ex. A, Irene Keller Dep. 25:15–23.) She stated that due to her back surgery in January 2025, she was on disability for thirteen weeks, transitioned to long-term disability for around two weeks, and then initially returned to

7

work. (*See id.*, at 69:17–70:17.) She stated that she worked until June 19, 2025, which was a holiday. (*See id.*, at 72:11–16.) She was on vacation due to a shutdown between June 20, 2025 and July 7, 2025. (*See id.*, at 72:16-17.) During this time, Plaintiff states that she "talked with [her] doctor[1] and decided that working at—at [her] current situation wasn't going to help [her]—[her] recovery," so she resumed long-term disability again on July 8, 2025.[2] (*See id.*, at 72:13–25.)

Plaintiff has not put forth any evidence or expert testimony supporting her claim that she now has a reduced earning capacity due to the accident. In fact, to the contrary, Dr. Patel testified in his deposition that Plaintiff was back to regular duty work on May 5, 2025. (*See* Patel Dep. 27:1–6 [excerpts attached hereto as **Exhibit B**].) At no point in Dr. Patel's deposition did he offer any expert medical opinion that Plaintiff has a reduced earning capacity caused by the 2024 accident. Additionally, Dr. Christopher Battista, who performed Plaintiff's laminectomy and discectomy, did not offer any opinion as to Plaintiff's alleged lost earning capacity. Moreover, Plaintiff has not named any vocational rehabilitation expert to opine as to reduction in vocational function or inability to maintain employment at a similar pay grade.

The claim Plaintiff is attempting to make regarding reduced earning capacity is one that is beyond the province of a lay jury. Without expert support—or any other support, for that matter—a jury will be left with "[m]ere unsupported speculation" that does not defeat a motion for summary judgment. *Ennis*, 53 F.3d at 62. A failure of proof as to causation, a crucial element to establish a claim of reduced earning capacity, mandates summary judgment since all other facts in the analysis become immaterial. *See Celotex*, 477 U.S. at 322 ("the plain language of

---

[1] The doctor Plaintiff spoke with was Dr. Shailesh Patel. (*See* Irene Keller Dep. 73:1–3.) Dr. Patel was deposed on December 15, 2025.
[2] Plaintiff spent the 2025 Fourth of July holiday in West Palm Beach, Florida. (*See* Irene Keller Dep. 116-117.)

Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case"); *id.* at 323 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

As of the date of this motion, the discovery deadline has passed. The parties have deposed Plaintiff, Plaintiff's husband, Defendant James, and six proposed expert witnesses. There has been an adequate time for discovery into the matter. Still, Plaintiff has not put forth any evidence to properly establish her claim for reduced earning capacity. It is *Celetox*-style claims such as these that warrant summary judgment.

## **CONCLUSION**

Plaintiff's lost wages and reduced earning capacity claims do not require the services of a fact finder. Plaintiff has not put forth competent evidence or testimony, much less expert testimony, tending to establish that the 2024 motor vehicle collision caused her to lose wages or caused a reduction in her earning capacity. There is thus a complete failure of proof as to an essential element of both Plaintiff's lost wages claim and her claim that she has a reduced earning capacity due to the 2024 accident. Therefore, Defendants are entitled to judgment as a matter of law regarding these two aspects of Plaintiff's damages claim, and Defendants respectfully request that this Court grant summary judgment in favor of Defendants as to Plaintiff's lost wages and reduced earning capacity claims.

*Signature page to follow.*

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Aaron J. Hayes
Mark S. Barrow (Fed ID No.: 1225)
msb@swblaw.com
Aaron J. Hayes (Fed ID No. 11196)
ajh@swblaw.com
Jacob M. Kaufman (Fed ID No. 14615)
jmk@swblaw.com
Post Office Box 12129
Columbia, SC 29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

February 10, 2026