**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| PLAINTIFF<br><br>   IRENE KELLER,<br><br>-v-<br><br>DEFENDANTS<br><br>   HOWARD ANTHONY JAMES and SE INDEPENDENT DELIVERY SERVICES, INC. | Case No.: 2:24-cv-05884-DCN<br><br>**MOTION FOR ENTRY OF NEW SCHEDULING ORDER** |

The Plaintiff respectfully requests that the Court enter a new scheduling order in the above-captioned matter.

## FACTUAL BACKGROUND

Plaintiff filed this action on October 15, 2024, in the Charleston Division of the District of South Carolina. Subsequently, the Parties agreed to a Proposed Amended Scheduling Order at the 26(f) Conference, which was entered by the Court on February 12, 2025. Since entry of the Amended Scheduling Order, the Parties have engaged in written discovery and taken the depositions of multiple fact and expert witnesses. Plaintiff subsequently timely filed an amended complaint adding Defendant SE Independent Delivery Services, Inc. ("SEIDS") to the action with leave of the Court. In addition, Plaintiff filed a motion to compel regarding the sufficiency of SEIDS' discovery responses, resulting in SEIDS supplementing their discovery responses on the day of the discovery deadline of January 8, 2025. Finally, Plaintiff has continued to receive medical treatment, and her diagnosis and prognosis have recently developed significantly.

## **LEGAL STANDARD**

A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" under Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *See Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*, 129 F.3d 116, 1997 WL 702267 (4th Cir. 1997).

## **ARGUMENT**

Here, despite Plaintiff's diligence, additional time is required to complete full and fair discovery. Following the Parties' discovery dispute, Defendant SEIDS' supplemental discovery responses were provided to Plaintiff on the discovery deadline. Plaintiff requests additional time to seek discovery from third parties and to take additional depositions now that SEIDS has provided information critical to Plaintiff's discovery process. Additionally, SEIDS' supplemented responses revealed new witnesses who likely have knowledge or information supporting Plaintiff's claims, including the Safety Director Matt Davis. Finally, defense expert Dr. Michael Peelle was permitted to suspend his deposition due to time constraints and needs to appear to conclude his deposition. Without the names and other information provided in SEIDS supplemental discovery responses, Plaintiff could not complete the additional discovery necessary by the discovery deadline. Thus, Plaintiff can show "good cause" for the entry of a new scheduling order.

In addition to the discovery issues, Plaintiff's medical condition has developed in a manner requiring additional time for treatment of her injuries and subsequent discovery. On January 22nd, 2026, Plaintiff concluded a spinal cord stimulator trial. Following the spinal cord stimulator trial, Plaintiff and her treating physicians are weighing the options available to Plaintiff before proceeding with any definitive treatment. Plaintiff has been diligent in pursuing medical treatment,

but despite Plaintiff's diligence the full course of her medical condition has not yet resolved or stabilized. Accordingly, there is "good cause" to grant Plaintiff additional time to complete her medical treatment and learn of her long-term prognosis and to allow the Parties time for discovery regarding Plaintiff's treatment and prognosis.

The undersigned attorney certifies that he has conferred with counsel for Defendants via phone call and email and has been informed that Defendants do not consent to the entry of a new scheduling order.

## LOCAL CIVIL RULE 6.01 STATEMENT

Pursuant to Local Civ. Rule 6.01, the following information is provided:

1. The current deadline for the closure of discovery was January 8, 2026.

2. The deadline has not been extended previously from the Parties' proposed scheduling order developed at the 26(f) Conference.

3. The Plaintiff requests an amended scheduling order resetting various deadlines with a proposed order attached as Exhibit A.

4. The extension affects all remaining deadlines, and would be best effectuated by entering a new scheduling order.

[*Signature on Following Page*]

**MORGAN & MORGAN, P.A.**

*/s/ Cooper Klaasmeyer*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 973- 5186
Fax: (843) 947- 6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

March 2, 2026
North Charleston, South Carolina