# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | |
|---|---|
| **Irene Keller,** ) | Civil Action No.: 2:24-CV-05884-DCN |
| ) | |
| **Plaintiff,** ) | |
| ) | **DEFENDANTS' REPLY TO PLAINTIFF'S** |
| v. ) | **MEMORANDUM IN OPPOSITION TO** |
| ) | **DEFENDANTS' MOTION FOR PARTIAL** |
| **Howard Anthony James and SE** ) | **SUMMARY JUDGMENT AS TO LOST** |
| **Independent Delivery Services, Inc.** ) | **WAGES CLAIM AND REDUCED** |
| ) | **EARNING CAPACITY CLAIM** |
| **Defendants.** ) | |

**TO:    JAMES G. BIGGART, II, ESQ., JONATHAN GRAHAM, ESQ., AND COOPER KLAASMEYER, ESQ., ATTORNEYS FOR THE PLAINTIFF, AND TO THE PLAINTIFF ABOVE-NAMED:**

On February 10, 2026, Defendants Filed their Motion for Partial Summary Judgment as to Plaintiff's Lost Wages Claim and Reduced Earning Capacity Claim. (*See* Entry No. 42.) On March 6, 2026, Plaintiff filed her Response. (*See* Entry No. 47.) For the reasons set forth in Defendants' Motion and this Reply, the Court should grant the Motion and enter partial summary judgment.

## REPLY ARGUMENT

In her Response, Plaintiff contends that there is a genuine dispute of material fact regarding her reduced earning capacity because, as she contends, there is testimony from her treating physicians "that Plaintiff has suffered injury and aggravation of pre-existing injury from the Crash to a reasonable degree of medical possibility." (*See* Entry No. 47 at 6.) However, before Plaintiff was terminated from her job at Mercedes-Benz, Dr. Shailesh Patel, one of Plaintiff's treating physicians, testified in his deposition that he had certified Plaintiff back to full

1

work duty. (*See* Patel Dep. 27:1–6 (Entry No. 42-2).) Contrary to Plaintiff's assertions, the issue of whether Plaintiff, having been cleared by her treating physician to full-duty work, does in fact have a reduced earning capacity caused by the 2024 accident is a matter beyond the province of the jury. Plaintiff has not offered any such expert medical or vocational testimony. Clearly, she seeks to take the witness stand and issue her own opinion about her inability to return to work, which this Court should not allow.

Finally, Plaintiff argues that more time is needed to further develop her case and has filed a motion for a new scheduling order. Defendants' arguments in opposition are contained in their Memorandum in Response to Plaintiff's Motion for New Scheduling Order.

## CONCLUSION

Defendants respectfully request that this Court grant summary judgment in favor of Defendants as to Plaintiff's lost wages and reduced earning capacity claims.

    Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Aaron J. Hayes
Mark S. Barrow (Fed ID No.: 1225)
msb@swblaw.com
Aaron J. Hayes (Fed ID No. 11196)
ajh@swblaw.com
Jacob M. Kaufman (Fed ID No. 14615)
jmk@swblaw.com
Post Office Box 12129
Columbia, SC 29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

March 13, 2026