# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | |
|---|---|
| **Irene Keller,** | ) Civil Action No.: 2:24-CV-05884-DCN |
| | ) |
| **Plaintiff,** | ) |
| | ) **DEFENDANTS' REPLY TO PLAINTIFF'S** |
| v. | ) **MEMORANDUM IN OPPOSITION TO** |
| | ) **DEFENDANTS'** *DAUBERT* **MOTION AS TO** |
| **Howard Anthony James and SE** | ) **PAUL WHITE AND PARTIAL SUMMARY** |
| **Independent Delivery Services, Inc.** | ) **JUDGMENT AS TO FUTURE MEDICAL** |
| | ) **EXPENSES** |
| **Defendants.** | ) |

**TO:** JAMES G. BIGGART, II, ESQ., JONATHAN GRAHAM, ESQ., AND COOPER KLAASMEYER, ESQ., ATTORNEYS FOR THE PLAINTIFF, AND TO THE PLAINTIFF ABOVE-NAMED:

On February 10, 2026, Defendants filed their *Daubert* Motion as to Paul White, MD and Motion for Partial Summary Judgment as to Future Medical Expenses. (*See* Entry No. 43.) On March 6, 2026, Plaintiff filed her Memorandum in Opposition to Defendants' *Daubert* Motion/Motion for Summary Judgment. (*See* Entry No. 48.)  For the reasons set forth in Defendant's Motion and this Reply, the Court should grant the Motion and enter partial summary judgment.

## REPLY ARGUMENT

Plaintiff contends that Dr. Paul White's methodology is sufficiently reliable under Rule 702 because he "reviewed a large volume of Plaintiff's medical records, imaging studies, took a work history, took a past medical history, spoke with the Plaintiff, and collaborated with one of Plaintiff's treating doctors." (*See* Entry No 48 at 2.) As noted in Defendants' original motion, the deposition testimony of both Dr. Patel and Dr. Battista indicate that such collaboration did not

1

occur, or, in the case of Dr. Patel, was so insignificant Dr. Patel did not remember it. (*See* Patel Dep. 50:8–10 (Entry No. 43-2); Battista Dep. 20:15–17 (Entry No. 43-3).) While Dr. White's recommendations have some similarities with the recommendations of Dr. Patel and Dr. Battista, there are substantial differences, possibly due to the lack of consultation with the treating physicians. Therefore, Defendants request that the Court exercise its gatekeeping function to exclude Dr. White and his Life Care Plan because of Dr. White's flawed methodology.

As to Defendants' Partial Motion for Summary Judgment as to Future Medical Costs, Defendants would emphasize before the Court that a genuine issue of material fact cannot be established simply through allegations of injury and alleged future treatment. The costs of the various medical procedures that have been mentioned or recommended to Plaintiff are outside the province of a lay jury. Neither Dr. Battista nor Dr. Patel offered any testimony as to the costs of these various procedures. In fact, they expressed that they personally did not know the costs. Aside from Dr. White's unreliable Life Care Plan, Plaintiff has not offered any expert testimony regarding the costs of these alleged future medical expenses. If the issue is submitted to the jury, the jury will only be left to speculate as to the costs of these procedures.

Finally, Plaintiff argues that more time is needed to further develop her case and has filed a motion for a new scheduling order. Defendants' arguments in opposition are contained in their Memorandum in Response to Plaintiff's Motion for New Scheduling Order.

## **CONCLUSION**

Defendants respectfully request that this Court grant summary judgment in favor of Defendants as to Plaintiff's claim to entitlement to future medical expenses.

[*Signature Page to Follow*]

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Aaron J. Hayes
Mark S. Barrow (Fed ID No.: 1225)
msb@swblaw.com
Aaron J. Hayes (Fed ID No. 11196)
ajh@swblaw.com
Jacob M. Kaufman (Fed ID No. 14615)
jmk@swblaw.com
Post Office Box 12129
Columbia, SC 29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

March 13, 2026