# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | |
|---|---|
| **Irene Keller,** | ) Civil Action No.: 2:24-CV-05884-DCN |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **DEFENDANTS' MEMORANDUM IN** |
| | ) **OPPOSITION TO PLAINTIFF'S MOTION** |
| **Howard Anthony James and SE** | ) **FOR ENTRY OF NEW SCHEDULING** |
| **Independent Delivery Services, Inc.** | ) **ORDER** |
| | ) |
| **Defendants.** | ) |

**TO:** **JAMES G. BIGGART, II, ESQ., JONATHAN GRAHAM, ESQ., AND COOPER KLAASMEYER, ESQ., ATTORNEYS FOR THE PLAINTIFF, AND TO THE PLAINTIFF ABOVE-NAMED:**

On March 2, 2026, Plaintiff filed her Motion for Entry of New Scheduling Order. (*See* Entry No. 46.) For the reasons set forth in this Memorandum in Opposition, Plaintiff's Motion should be denied.

## ADDITIONAL FACTS BEARING UPON PLAINTIFF'S MOTION

Defendants wish to add more context to the facts recited in Plaintiff's Motion. The current scheduling order governing the case set the following relevant deadlines:

**Expert Witnesses**: August 18, 2025 (Plaintiff); September 19, 2025 (Defendants)
**Discovery**: January 8, 2026
**Dispositive Motions**: February 10, 2026
**Mediation**: February 28, 2026
**Trial**: March 1, 2026

(Entry No. 12.) Plaintiff now requests that this Court extend each of these deadlines by approximately six months, with the exception of the expert witness deadline, which Plaintiff requests be extended around nine months. (*See* Entry No 46-1.)

1

The parties have engaged in extensive written discovery and have taken nine depositions, including both fact and expert witnesses. Three medical doctors have been fully deposed. Of note, the November 3, 2025 deposition of a fourth medical doctor, Dr. Paul White, could not be completed due to defense counsel being provided with an updated Life Care Plan during the pendency of the deposition. The December 9, 2025 deposition of a fifth medical doctor, Dr. Michael Peelle, ended abruptly due to time constraints. However, while the parties agreed to leave Dr. Peelle's deposition open, Plaintiff never sought to schedule a resumed "second half" of the deposition.

With this background, Defendants would submit to the Court, for the reasons outlined more fully below, that a new scheduling order is unnecessary, unduly prejudicial to the Defendants, and not in the interests of a just, speedy, and inexpensive resolution of this case.

## LEGAL STANDARD

Rule 16(b)(4) of the *Federal Rules of Civil Procedure* provides that "[a] schedule may be modified only for good cause and with the judge's consent." "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*, 129 F.3d 116, 1997 WL 702267 (4th Cir. 1997). *See also Cook v. Howard*, 486 Fed.Appx. 805, 815 (4th Cir. 2012).

## ARGUMENT

Plaintiff has not demonstrated good cause to modify the Court's February 12, 2025 scheduling order. Defendants meticulously have complied with all the Court's deadlines. Defendant SEIDS provided written discovery responses within the discovery deadline—and the

deadline set by the Court—and identified each of its expert witnesses by the expert witness disclosure deadline.

Regarding Dr. Peelle in particular, while Plaintiff is correct that Dr. Peelle's deposition was suspended due to time constraints, Plaintiff's Motion for Entry of New Scheduling Order is the first indication Defendants are aware of regarding Plaintiff's intention to continue Dr. Peelle's deposition, which was originally conducted on December 9, 2025. Only now, nearly two months after the passing of the discovery deadline and several weeks after the filing of dispositive motions, does Plaintiff request an extension of several deadlines. The case has been pending in this Court since October 15, 2024. (*See* Entry No. 1.)

Though Plaintiff submits to the Court that she is still undergoing treatment, she was the party who chose to file the lawsuit when she did.[1] Plaintiff was given a chance to establish her claim within the current deadlines. Defendants, for their part, had to comply with the scheduling order and timely build their defense, which they have done, to the point of having pending partially dispositive motions and a *Daubert* motion. Plaintiff has had the benefit of seeing Defendants' case and now wishes to re-tool hers to look better in front of a jury.

## **CONCLUSION**

Now that Defendants have filed dispositive motions arguing the existence of fatal flaws in numerous aspects of Plaintiff's case, Plaintiff is requesting a second bite at the apple. This does not meet the good cause standard contemplated by Rule 16 of the *Federal Rules of Civil Procedure* and prejudices the Defendants, who already have shown their proverbial "cards." Therefore, Defendants respectfully request that the Court deny Plaintiff's Motion for Entry of New Scheduling Order.

---

[1] The statute of limitations has not expired.

3

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Aaron J. Hayes
Mark S. Barrow (Fed ID No.: 1225)
msb@swblaw.com
Aaron J. Hayes (Fed ID No. 11196)
ajh@swblaw.com
Jacob M. Kaufman (Fed ID No. 14615)
jmk@swblaw.com
Post Office Box 12129
Columbia, SC 29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

March 13, 2026