**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | |
|---|---|
| Irene Keller,         ) | Civil Action No.: 2:24-CV-05884-DCN |
|                  ) | |
|        **Plaintiff,**     ) | |
|                  ) | |
|         **v.**          ) | **DEFENDANTS' MOTION FOR ENTRY OF** |
|                  ) | **NEW SCHEDULING ORDER** |
| **Howard Anthony James and SE**    ) | |
| **Independent Delivery Services, Inc.** ) | |
|                  ) | |
|        **Defendants.**    ) | |

For good cause, Defendants Howard Anthony James and SE Independent Delivery Services, Inc. hereby move to amend the scheduling order. This is the third request to amend the scheduling order in this matter, filed on October 15, 2024. Defendants have diligently litigated this matter since the complaint was served on Howard Anthony James on November 15, 2024 and SE Independent Delivery Services, Inc. (hereinafter, "Defendant SEIDS") was joined as a party on September 24, 2025.[1]

## NATURE OF THE CASE

This case arises from a 2024 automobile collision. Defendant Howard Anthony James was driving a tractor-trailer when he began changing lanes. The stair-step of the tractor grazed the wheel of Plaintiff's Mercedes SUV traveling in the same direction as Mr. James, and Mr. James returned to his lane. The forward-facing camera depicts the minimal interaction, and experts have calculated the force as less than that required of activities of daily living. Plaintiff

---

[1] The original Complaint named Penske Truck Leasing Co. as a Defendant, but because Penske was not the proper party, Plaintiff amended her Complaint to join Defendant SEIDS. *See* Entry Nos. 1 and 21.

now tries to link significant medical costs—past and future—to this incident. The catalyst for this case is depicted below:



## FACTS BEARING ON THE MOTION

The Defendants have engaged in extensive discovery, and the parties have taken eleven depositions, with several depositions forthcoming. The parties have each initially identified several expert witnesses and have filed disclosures with the Court. Plaintiff initially filed her expert disclosures on August 18, 2025. Defendant James and former-defendant Penske Truck Leasing Co. identified their experts on September 19, 2025.

Defendants filed two motions for partial summary judgment. The first motion targeted Plaintiff's lost wage claim, because Plaintiff failed to provide the requisite expert testimony to establish such a claim, which itself is beyond the province of a lay jury. *See* Entry No. 42. The second motion was twofold: a motion for partial summary judgment as to Plaintiff's future medical expenses and reduced earning capacity claim as well as a *Daubert* motion to exclude Dr.

Paul White's Life Care Plan.[2] Defendants outlined the deficiencies in Dr. Paul White's expert report and testimony, which failed to meet the *Daubert* standard. On that basis, Defendants contended that Plaintiff lacked the requisite expert testimony to survive summary judgment on her future medical expenses and reduced earning capacity claims.

In response, and following the already extensive discovery, depositions, and dispositive motions, Plaintiff moved this Court for entry of a new scheduling order. *See* Entry No. 46. Defendants strongly opposed the extension, because (1) Plaintiff's request would serve to prolong an already costly matter, (2) Defendants (who did not elect to bring this action) had diligently prepared their defense in compliance with the Court's scheduling order, and (3) any extension would only penalize Defendants' diligence by allowing Plaintiff a second bite of the apple after reviewing Defendants' well-crafted case strategy, as outlined in their timely filed motions.

The Court granted Plaintiff's request and entered the current scheduling order on March 23, 2026, which set the Plaintiff's expert disclosure and Defendants' expert disclosure deadlines at May 15, 2026 and June 15, 2026, respectively. *See* Entry No. 53. On May 15, 2026, Plaintiff identified *five* new expert witnesses accounting for the deficiencies noted in Defendants' two motions for summary judgment. *See* Entry No. 58. Perhaps most significantly, Plaintiff apparently agreed with Defendants' assessment of Dr. Paul White (and his credibility), who was de-designated as an expert.

Due to the total overhaul in Plaintiff's expert lineup (and case generally), Defendants need more time to respond. Defendants prepared their case and filed dispositive motions heavily based on the original expert witnesses that Plaintiff had identified. In Plaintiff's new expert

---

[2] Dr. Paul White was Plaintiff's former expert life care planner identified in her initial expert disclosure. Plaintiff has since withdrawn Dr. White from her expert lineup.

disclosures, she identifies an accident reconstructionist, an impact forensics expert, a new life care planner, a vocational rehabilitation expert, and an economist, in addition to treating providers. *See* Entry No. 58. For reference, Plaintiff's original expert disclosure listed a different life care planner, a radiologist, a pain medicine physician, and a treating orthopedic surgeon. *See* Entry No. 18.

Defendants have already showed their hand by outlining the deficiencies in Plaintiff's case via the aforementioned motions. Plaintiff has now had an opportunity to retool her expert lineup in response to those raised deficiencies, thereby altering the presentation of her case significantly. Therefore, an opportunity for Defendants to respond accordingly to Plaintiff's new expert lineup is in the interests of justice and judicial economy. Defendants will need to restart expert discovery, as well as prepare for and take five new expert depositions. Defendants may also need to hire additional expert(s) and update prior-retained experts, which will likely result in updated expert reports and additional expert depositions. While Defendants have diligently attempted to litigate this matter, Plaintiff's new expert disclosure renders the remaining necessary expert discovery a practical impossibility under the time constraints of the current scheduling order.

After the wholesale reconstruction of her claim and expert lineup, Plaintiff now opposes an opportunity for Defendants to respond to the repackaged claim. The case is no longer the same as it was prior to Plaintiff's second expert disclosure. As a result, Defendants request a ninety (90) day extension of the current defense expert disclosure deadline, plus additional time on the remaining deadlines as outlined below.

[SPACE INTENTIONALLY LEFT BLANK]

4

| Line Item | Current Deadline | Proposed Amended Deadline |
|---|---|---|
| Defendants' ID of Expert Witnesses | June 15, 2026 | September 14, 2026 |
| Discovery | July 17, 2026 | December 17, 2026 |
| Dispositive Motions | August 17, 2026 | January 20, 2027 |
| Trial | On or after September 1, 2026 | On or after February 1, 2027 |

Pursuant to Local Rule 6.01, Defendants further provide the Court with the following information: (1) the dates of the current deadlines are contained in the chart above; (2) these deadlines were previously extended upon entry of the Court's second amended scheduling order on March 23, 2026 [*see* ECF No. 53]; (3) Defendants request the above-listed extensions, which are necessary due to Plaintiff's identification of five new experts and the potential scheduling of additional fact, expert, and Rule 30(b)(6) depositions; (4) the proposed amended deadlines are contained in the chart above; and (5) the extension requested would affect all remaining pending deadlines in the second amended scheduling order, hence Defendants' motion for the entry of a new scheduling order *in toto*.

## CONCLUSION

Any perceived delay or prejudice claimed by Plaintiff rings hollow. This is a problem of her own making. Defendants have worked diligently to meet the deadlines set by the Court, as evidenced by (among other items) their timely filed motions for partial summary judgment that

Plaintiff has used to recast her experts and overhaul her claim. Defendants submit that an amendment of the scheduling order is necessary to complete the remaining discovery tasks and otherwise respond to this iteration of Plaintiff's case. To provide otherwise would reward Plaintiff's blatant gamesmanship.

For these reasons, Defendants respectfully request the Court enter their proposed third amended scheduling order.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Jacob M. Kaufman
Mark S. Barrow (Fed. ID. No. 1220)
msb@swblaw.com
Aaron J. Hayes (Fed. ID. No. 11196)
ajh@swblaw.com
Jacob M. Kaufman (Fed. ID. No. 14615)
jmk@swblaw.com
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29201
(803) 256-2233

**ATTORNEYS FOR DEFENDANTS**

Columbia, South Carolina
June 12, 2026