EXHIBIT C

SWEENY WINGATE & BARROW

August 5, 2026

Reply to: Main Office

**Jacob M. Kaufman**
**(803) 256-2233**
**jmk@swblaw.com**

**VIA E-MAIL: biggartlitigation@forthepeople.com**
James G. Biggart II, Esq.
Morgan and Morgan, P.A.
4401 Belle Oaks Drive, 3rd Floor
North Charleston, 29405

RE: Irene Keller v. Howard Anthony James and SE Independent Delivery Services, Inc.
Civil Action No.: 2:24-cv-05884-DCN
Claim No.: 009955-0000085-AB-01
Our File: 7171-15367

Dear Jim:

We are in receipt of Plaintiff's responses to our First and Second Sets of Requests for Production. We appreciate the responses, but we must note that there are several deficiencies contained in your responses. Please allow this letter to serve as our good faith effort to resolve this discovery matter without involvement of the Court. Please provide full and complete responses to cure the deficiencies noted below within ten days of the date of this letter.

**First Request for Production Nos. 1 and 2**

These two requests seek a complete copy of the discovery record in two other cases in which Plaintiff is involved: Irene Keller v. Loretta Cook, Case No. 2025CP1801831 (Dorchester County) and Irene Keller v. Liberty Mutual Insurance Company, Case No. 2:25-cv-12745-RMG (SC district court, Charleston Division). Plaintiff responds to each of these requests stating that "[n]o responsive documents [are] in Plaintiff's possession."

By virtue of being a party in these respective lawsuits and represented by counsel, Plaintiff is constructively in possession of the discovery record in each of these cases through her attorneys, who act as agents on her behalf in said cases. We would therefore ask that Plaintiff request the discovery record from her attorneys in the above-mentioned lawsuits and provide

those to us pursuant to Requests Nos. 1 and 2 of Defendants' First Set of Requests for Production.

**<u>First Request for Production No. 3</u>**

Request No. 3 seeks any and all evidence and documents related to the August 2022 moor vehicle collision involving Irene Keller, including but not limited to vehicle photographs, scene photographs, videos, diagrams, drawings, witness statements, repair bills, medical bills, medical records, correspondence, insurance claims, emails, text messages, electronic messages sent via any medium, and social media posts. Plaintiff similarly responds that "[n]o responsive documents [are] in Plaintiff's possession."

This response does not clarify whether any such evidence actually exists, or whether Plaintiff herself does not currently have a physical or electronic copy of such evidence. To the extent that such evidence is in the possession of her attorneys or insurers in her other lawsuits mentioned above, we would reiterate our request that Plaintiff request such evidentiary material from her attorneys and/or her insurers in the above-mentioned lawsuits and provide those to us pursuant to Request No. 3.

Please provide full and complete responses to cure the deficiencies noted below within ten days of the date of this letter. Otherwise, we will be required under Local Rule 37.01 to file a motion to compel.

Yours truly,

**SWEENY, WINGATE & BARROW, P.A.**

Jacob M. Kaufman

JMK/tnn