# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| PLAINTIFF<br><br>IRENE KELLER,<br><br>-v-<br><br>DEFENDANTS<br><br>HOWARD ANTHONY JAMES and SE INDEPENDENT DELIVERY SERVICES, INC. | Case No.: 2:24-cv-05884-DCN<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** |

Plaintiff Irene Keller, by and through her undersigned counsel, submits this Response in Opposition to Defendants' Motion to Compel (ECF No. 64). Plaintiff has not refused to provide the discovery at issue. To the contrary, Plaintiff agreed to obtain the requested files from counsel in her other matters, review those materials for privilege, prepare a privilege log as necessary, and produce the responsive, nonprivileged documents. Defendants filed their motion one day after Plaintiff advised that the files had been received and were being reviewed for production. The motion is therefore premature and unnecessary.

## FACTUAL BACKGROUND

Defendants' Requests for Production Nos. 1 and 2 seek discovery materials from two other actions involving Plaintiff: *Irene Keller v. Loretta Cook*, Case No. 2025CP1801831, and *Irene Keller v. Liberty Mutual Insurance Company*, Case No. 2:25-cv-12745-RMG. Request for Production No. 3 seeks documents and information concerning an August 2022 motor vehicle collision involving Plaintiff.

During the Parties' August 14, 2026, conference, Plaintiff agreed to request the relevant files from the attorneys handling her other matters, and advised that because the documents had to be requested from third parties, Plaintiff was uncertain how long it would take to obtain the documents. The parties further agreed that, after receiving the files, undersigned counsel would review the materials for privilege, prepare a privilege log as necessary, and produce responsive, nonprivileged documents. The parties also agreed that information obtained from those files would be used to supplement Plaintiff's responses concerning insurers and other potential custodians so that Defendants could issue third-party subpoenas, in order to resolve the dispute regarding Request for Production 3.

Plaintiff received the files from her other attorneys on September 3, 2026. That same day at deposition in the instant action, the undersigned informed defense counsel that the files had been received and that undersigned counsel was working to review and produce the responsive materials. This review was both agreed to by Defendants and is necessary to identify privileged communications, attorney work product, and any other protected material before production and to prepare an appropriate privilege log. Defendants did not inform counsel of any deadline or impending motion.

Despite receiving notice on September 3, 2026, that Plaintiff had obtained the files and was actively reviewing them for production, Defendants filed their Motion to Compel on September 4, 2026. Plaintiff has not refused production, repudiated the parties' agreement, or otherwise indicated that the requested nonprivileged materials would be withheld.

## ARGUMENT

### I. Defendants filed their motion while the agreed production process was underway.

There is no dispute concerning whether Plaintiff will produce the responsive, nonprivileged documents. Plaintiff agreed to obtain the files, review them for privilege, create a privilege log as

necessary, and produce the responsive materials. Plaintiff followed that agreed process by requesting the files from her other attorneys, receiving them on September 3, and promptly informing defense counsel that review and production were underway.

The remaining supplemental responses likewise depend on information contained in the newly received files. As the parties discussed, Plaintiff's review will identify insurers and other relevant third parties so that Defendants may issue subpoenas for records not contained in the files or otherwise available through Plaintiff. Plaintiff is therefore completing both aspects of the protocol the parties agreed upon: production of responsive, nonprivileged documents and supplementation of the information needed for Defendants to pursue third-party subpoenas.

Defendants nevertheless sought court intervention the next day. Filing a motion one day after learning that the files had been received did not afford Plaintiff a reasonable opportunity to conduct the agreed privilege review, prepare a privilege log, and organize the production. Because Plaintiff was already performing the agreed work when the motion was filed, an order compelling Plaintiff to undertake that same work is unnecessary.[1]

**II. The request for fees and costs should be denied.**

Defendants' request for expenses should be denied. Plaintiff cooperated in the parties' conference, agreed to obtain and produce the requested files after a privilege review, requested the files from separate counsel, notified Defendants immediately upon receiving them, and began the agreed review and production process. Plaintiff also agreed to supplement the information necessary for Defendants to issue subpoenas after that information could be identified from the files.

[1] Plaintiff expects this review and production to be completed by Defendants' Reply deadline of September 25, 2026

Under these circumstances, Plaintiff's conduct did not necessitate a motion to compel. Defendants filed before the agreed process could reasonably be completed and despite contemporaneous notice that production efforts were underway. An award of fees or costs would therefore be unjust.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Compel as premature and unnecessary, deny Defendants' request for fees and costs, and grant such other and further relief as the Court deems just and proper.

**MORGAN & MORGAN, P.A.**

*s/ Cooper Klaasmeyer*

JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 973- 5438
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

September 18, 2026
Charleston, South Carolina